UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

## CIVIL CASE MANAGEMENT ORDER FOR CASES ASSIGNED TO MAGISTRATE JUDGE PEREZ-MONTES BY CONSENT

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Louisiana, this Order shall apply to cases in which Magistrate Judge Perez-Montes is presiding by consent.

A.  **Pretrial Stipulations**

   1. No later than **eight (8) weeks prior to trial**, Plaintiff(s) shall submit a draft of proposed Pretrial Stipulations to Defendant, using the format found on Magistrate Judge Perez-Montes's forms page at www.lawd.uscourts.gov.

   2. No later than **seven (7) weeks prior to trial,** Defendant(s) shall submit a draft of proposed Pretrial Stipulations to Plaintiff(s), in like format.

   3. No later than **six (6) weeks prior to trial**, counsel for Plaintiff(s) shall initiate an informal conference between/among the parties.  If Plaintiff(s) is/are unrepresented, counsel for the first named represented Defendant shall initiate the conference.  If all parties are unrepresented, Plaintiff shall initiate the conference.  The conference may be by telephone or other electronic means.  At this conference, the attorneys for the parties and/or the unrepresented parties themselves, shall do the following:

      a. prepare Pretrial Stipulations in accordance with the format found on Magistrate Judge Perez-Montes's forms page at www.lawd.uscourts.gov;

      b. arrive at all possible stipulations and/or admissions; and

      c. view, copy, exchange, and mark copies of all exhibits to be offered in evidence.

   4. The Pretrial Stipulations shall be signed by all attorneys and/or unrepresented parties.

5. The Pretrial Stipulations shall be filed with the Clerk of Court no later than **five (5) weeks prior to trial**, with a copy of the Pretrial Stipulations submitted directly to Magistrate Judge Perez-Montes's chambers.

6. All attorneys and/or unrepresented parties shall cooperate with the person arranging the conference in order to facilitate and expedite the holding of this meeting.

7. If problems or disagreements concerning the content of the Pretrial Stipulations arise, the parties are instructed to immediately contact Yvonna Tice, Magistrate Judge Perez-Montes's Courtroom Deputy, at (318) 769-8801, to request a teleconference.

8. If the parties desire to amend the Pretrial Stipulations after filing, final Revised Pretrial Stipulations incorporating the original stipulations and all desired amendments and signed by all attorneys and/or unrepresented parties must be filed with the Clerk of Court no later than **fourteen (14) calendar days before trial**. A copy of the Revised Pretrial Stipulations should be contemporaneously transmitted to Magistrate Judge Perez-Montes's chamber. No Revised Pretrial Stipulations will be allowed unless agreed to and signed by all attorneys and/or unrepresented parties, even if such parties are unaffected by the revisions.

9. No exhibit(s) or witness(es) (other than those used for impeachment purposes) will be allowed at trial unless listed in the Pretrial Stipulations, except by Order of the Court. A "reservation of rights" to call witnesses or to introduce exhibits (such as "any other witness or exhibit called or listed by any other party") shall not constitute a "listing" in the Pretrial Stipulations. "Impeachment" witnesses whose names are not disclosed are limited to those who will actually testify in accordance with Fed. R. Evid. 608 and 609.

10. If a trial date is continued, the parties may prepare and file Revised Pretrial Stipulations before the new trial date upon motion agreed to and signed by all attorneys and/or unrepresented parties in accordance with paragraph 8.

B. **Final Witness and Exhibit Lists, and Estimated Trial Length**

1. The parties must file with the Clerk of Court a final list of "will call" witnesses (all "may call" witnesses must be converted or deleted) and a final list of exhibits expected to be introduced no later than **fourteen (14) calendar days before trial**. No witnesses or exhibits not previously

        disclosed in the Pretrial Stipulations may be added to the final list. These lists must include rebuttal witnesses and exhibits. Rebuttal is limited to the plaintiff's case. The need for sur-rebuttal witnesses, if any, will be addressed at the pretrial conference. A non-impeachment witness not so listed will not be permitted to testify at trial over objection, and a non-impeachment exhibit not so listed will not be admitted into evidence at trial over objection, except by order of the Court in truly exceptional circumstances. Copies of the final witness and exhibit lists must be transmitted to Magistrate Judge Perez-Montes's chambers and to the court reporter at the same time the original documents are filed.

2. Any unresolved objections to witnesses or exhibits enumerated on the final lists discussed above (including, but not limited to objections regarding authenticity and/or relevance) must be noted immediately under the listing of the witness or exhibit, must identify the specific evidence at issue, must identify the grounds for the objection, and must include citations to the Federal Rules of Evidence and/or other legal authorities applicable to the admissibility or inadmissibility of the evidence.

3. At trial, should any party fail to call any witness on the "will call" list, any other party may call that person as its own witness, even if that did not list the person on its witness list. Likewise, should any party fail to introduce any exhibit on the exhibit list, any other party may introduce that exhibit, even if it did not place the exhibit on its exhibit list.

C. **Potential Impeachment Evidence**

1. If a party has good cause not to disclose witnesses or exhibits to be used solely for the purpose of impeachment, no later than **fourteen (14) calendar days before trial** that party shall transmit the intended testimony or exhibit(s) to the Magistrate Judge Perez-Montes's chambers in camera. Contemporaneously, that party must certify to the Court that it has forwarded to the opposing part(y)(ies) written notice indicating that proposed impeachment evidence (naming the witness or evidence to be attacked) has been forwarded to the Court.

2. Should the Court find the evidence appears admissible as impeachment alone, the party tendering the evidence shall inform the opposing part(y)(ies) that impeachment evidence will be introduced. The explicit details of the evidence need not be disclosed.

3

D. <u>Depositions</u>

    1. With respect to all deposition testimony to be offered into evidence (other than that used for impeachment purposes), the parties shall agree upon and redact all irrelevant and repetitive matters as well as all colloquy between/among counsel except relevant objections and the basis for them. The Court will not generally permit the use of a deposition in lieu of live testimony if the deposition has not been prepared as set out herein, except for good cause shown.

    2. The parties must, in good faith, attempt to resolve all objections to testimony contained in the body of any deposition to be offered into evidence. As to all such objections not amicably resolved, the parties shall deliver to the Court a copy of the deposition, a statement identifying the objectionable portions, and the grounds for the objection (including citations to the Federal Rules of Evidence and/or other applicable legal authorities) no later than **<u>fourteen (14) days prior to trial</u>**.

    3. In bench trials, the parties will forward all depositions being introduced by agreement to the Court as early as possible, but in no case later than **<u>seven (7) calendar days before trial</u>**.

E. <u>Original Trial Exhibits</u>

    1. The Clerk of Court and Court Reporter will not accept original exhibits before trial. Original exhibits will be accepted by the Clerk of Court only when introduced in the normal course of trial, except to the extent necessary to prepare tools for use in the Court's exhibit display technology.

F. <u>"Realtime" Glossary</u>

    1. The parties must submit a Realtime glossary to the Clerk of Court **<u>no later than fourteen (14) days before trial</u>**, for transmittal to the court reporter. The glossary shall contain all "key word indexes" from all depositions taken in the case, all witness lists, exhibit lists, and copies of all expert reports. The parties should use the example and instructions found on Magistrate Judge Perez-Montes's forms page at www.lawd.uscourts.gov.

G. <u>Objects Used in Opening Statements or Closing Arguments</u>

1. At least **fourteen (14) calendar days before trial**, counsel shall file with the Clerk of Court a list and brief description of any charts, graphs, models, schematic diagrams, or similar objects which, although not to be offered in evidence, counsel intend to use in opening statements or closing arguments.  A copy of this list should contemporaneously be transmitted to opposing counsel and to Magistrate Judge Perez-Montes's chambers (with certification of delivery to opposing counsel).

2. Any unresolved opposition to the use of objects enumerated on the list discussed in the preceding paragraph must filed with the Clerk of Court at least **seven (7) calendar days before trial**. Opposing counsel and Magistrate Judge Perez-Montes must contemporaneously be provided with copies of any opposition.  The opposition must identify the grounds for the objection and must include citations to any applicable legal authorities.

H. **Trial Notebooks, Exhibits, and the Electronic Courtroom**

1. No later than **seven (7) calendar days before trial**, all counsel must jointly submit **three (3) copies** of a joint Trial Notebook containing **all documentary exhibits** to be used during trial.  Any exhibits which may be referenced – including exhibits to which a party objects – must be included in the Trial Notebook.  Trial Notebooks must be submitted directly to the chambers of Magistrate Judge Perez-Montes.

    a. The parties will not submit separate Trial Notebooks.  The Court will only accept one Trial Notebook

    b. Generally, Trial Notebooks should contain one section for joint exhibits (exhibits to which neither party objects) and additional sections, if necessary, for each party's exhibits (exhibits to which the opposing party may object).  Joint exhibits should be offered for admission at the beginning of trial to allow both parties to use exhibits during examinations.

2. All exhibits must be consecutively numbered using the system on the Court's website:  http://www.lawd.uscourts.gov/guidelines-submission-exhibits.  Joint exhibits should be numbered using the prefix "J."

3. The parties are encouraged to familiarize themselves with the technology available in the courtroom before trial.  **No later than fourteen (14) calendar days before trial**, counsel may contact Magistrate Judge Perez-Montes's Courtroom Deputy to make an **appointment** to tour the courtroom, test equipment, and present any questions

   regarding the display of exhibits. Counsel may bring parties or witnesses to the courtroom during this appointment.

  4. In cases where exhibits are to be presented by CD ROM, the CD must be delivered to the Clerk of Court no later than **seven (7) calendar days before trial**. Please refer to the "Guidelines for Submission of Exhibits on CD ROM" posted on our website, at [www.lawd.uscourts.gov](www.lawd.uscourts.gov) or obtain a copy from the Clerk of Court. If you have additional questions, please contact Magistrate Judge Perez-Montes's Courtroom Deputy.

I. Expert Witnesses

  1. Generally, expert witnesses whose reports have not been furnished to opposing counsel in accordance with the Plan of Work will not be permitted to testify over objection, unless otherwise permitted by order of the Court. Likewise, experts will not be permitted to testify regarding opinions not included in timely furnished reports, unless permitted by order of the Court.

  2. Unless otherwise ordered by the Court, counsel will not be permitted to ask questions on cross-examination of an economic expert which questions would require the witness to make mathematical calculations in order to frame a response, unless the factual elements of such questions have been submitted to the expert witness at least **seven (7) calendar days before trial**.

J. Motions in Limine and Objections

  1. Written motions in limine may be made before or during trial. However, to expedite consideration of complex evidentiary issues, and to avoid wasted time after a jury is empaneled, counsel are strongly encouraged to file all written motions in limine to admit, exclude, or limit evidence **at least fourteen (14) calendar days before trial**. If a written motion in limine is filed during trial, or if counsel intends to verbally argue a complex evidentiary issue, counsel are strongly encouraged to request argument before the jury is seated on the morning of trial.

  2. Failure to file a motion in limine does not necessarily constitute a waiver of objections to a particular exhibit. Counsel may object to exhibits during trial. To state an objection, counsel should rise, state the basis of the objection without argument, and wait for further instructions. If argument is required, Magistrate Judge Perez-Montes will request it.

6

K. **Proposed Jury Instructions and Suggested Verdict Form**

   1. In jury cases, the parties shall confer and produce one set of jury instructions and jury interrogatories as required by LR 51.1. As set forth in that Local Rule, the joint and separate proposed jury instructions shall be filed with the Clerk of Court, and a copy shall be transmitted to Magistrate Judge Perez-Montes's chambers, **at least twenty-one (21) calendar days before trial.** Instructions relating to the Court's general charge regarding the function of the jury, the credibility of witnesses, the burden of proof, and similar matters need not be furnished unless the case presents unusual circumstances such that special instructions on these matters are desired.

   2. Proposed jury instructions should be based on the Fifth Circuit's Pattern Civil Jury Instructions and referenced by number. Any proposed instructions not found in the Fifth Circuit's Pattern Instructions must be submitted in their entirety and accompanied by pinpoint citations. Any objections to the proposed instructions must be noted immediately under the listing of the instruction, must identify the grounds for the objection, and must include citations to any applicable legal authorities.

   3. For jury cases, the parties shall also confer and produce one suggested form of verdict. The suggested form of verdict shall be filed with the Clerk of Court and a copy shall be transmitted to Magistrate Judge Perez-Montes's chambers **at least twenty-one (21) calendar days before trial**. If the parties cannot agree on a suggested form of verdict, each party should submit a suggested form. Agreement is strongly encouraged.

L. **Compromise and Commencement of Trial**

   1. If the litigation is settled in whole or in part, counsel shall promptly notify the Clerk of Court and Magistrate Judge Perez-Montes's chambers. If the case is settled after the Clerk of Court's office has closed on the day before trial or on the weekend before a Monday trial, the parties must advise the Magistrate Judge's Courtroom Deputy by email. If the matter is set for a jury trial, all steps will be taken to have the jury cancelled. If time does not permit the jury to be cancelled, the parties subject themselves to the assessment of jury costs.

   2. **Counsel shall be present at 8:30 a.m. on the first day of trial, which will begin promptly at 9:30 a.m.** The trial will not be delayed awaiting the appearance of witnesses. Therefore, all parties should have an adequate number of witnesses available to meet this schedule.