# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMANTHA WILLIAMS and DAKOTA FISHER, individually and on behalf of all others similarly situated, and WES PIGOTT,** | |
| **Plaintiffs,** | **DOCKET NO.: 1:20-cv-01501** |
| **v.** | |
| **D'ARGENT FRANCHISING, LLC, D'ARGENT CONSTRUCTION, LLC, D'ARGENT COMPANIES, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and XYZ INSURANCE COMPANY** | **MAGISTRATE JOSEPH H. L. PEREZ-MONTES** |
| **Defendants.** | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

Defendants, D'Argent Franchising, LLC ("D'Argent Franchising"), D'Argent Companies, LLC ("D'Argent Companies"), D'Argent Construction, LLC ("D'Argent Construction") (collectively, the "LLC Defendants"), Thomas Giallonardo, III, and Justin Giallonardo (collectively, "Defendants"), respectfully submit this memorandum in support of their Motion for Protective Order (the "Motion") to stay all further discovery until the Court can review the briefing on the pending Motion for Conditional Certification (the "Certification Motion")[3] and issue an

---

[3] Dkt. 27; *see also* Defendants' Opposition to Plaintiffs' Motion for Conditional Certification, Dkt. No. 37.

order authorizing preliminary discovery pursuant to *Swales v. KLLM Transport Services, LLC*[4] (a "Swales Order").

## I.   Factual and Procedural Background

### A. This FLSA collective action has not had preliminary discovery authorized pursuant to a *Swales Order*, a required threshold step.

On November 21, 2020, Plaintiffs filed the above-captioned matter asserting claims on behalf of themselves and other similarly situated employees under the Fair Labor Standards Act ("FLSA"), as well as separate, non-representative causes of action for conversion, misappropriation, Louisiana's prompt pay act, Louisiana's Unfair Trade Practices Act, and Intentional Spoliation.[5] Defendants executed a waiver of the service of summons on December 3, 2020 through prior counsel, setting an Answer deadline of February 1, 2021. Current defense counsel was assigned to the case on January 21, 2021 and filed the Answer on January 29, 2021.[6]

As Defendants have set forth in their Opposition to the Certification Motion (the "Opposition to Certification")[7], binding Fifth Circuit precedent requires this Court to set forth a scheduling order for preliminary discovery designed to determine whether the employees at issue in this case are "similarly situated" under the FLSA.[8] Nevertheless, Plaintiffs seek collective-wide discovery at this stage of the case, in contravention of *Swales*.

To show that employees are similarly situated in the Fifth Circuit, a plaintiff bears the burden of proof of showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to [Named Plaintiffs] in relevant aspects given the claims and defenses asserted; and (3) those individuals

---

[4] 985 F.3d 430 (5th Cir. 2021).
[5] Dkt. No. 1.
[6] Dkt. No. 4.
[7] *See generally* Dkt. 37.
[8] *Swales*, 985 F. 3d at 443.

want to opt in to the lawsuit."[9]  *KLLM v. Swales* requires this court to identify, "at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly."[10] As Defendants have argued in their Opposition to Certification, in *Swales* the Fifth Circuit recognized the many problems with allowing quick and easy early collective-wide notice and discovery in a FLSA case, including unnecessarily costly discovery, and the potential to stir up litigation and intensify settlement pressure even in non-meritorious actions.[11]

**B.  Plaintiffs continue to demand voluminous collective-wide discovery.**

Despite various communications regarding the *Swales* mandate, set forth in more detail in Defendants' Opposition to Certification,[12]  Plaintiffs issued voluminous collective-wide discovery on February 24, 2021, including 185 Requests for Admissions, 65 Interrogatories, and 260 Requests for Production. Included were requests for employee lists, timecards, payroll records, timekeeping reports, job descriptions, detailed job duties, lists of all internal and external wage complaints and all documents concerning them, all contents of an entire hard drive from a Huddle House computer, and many other overbroad requests about every employee that each Defendant had ever employed without time limitation.[13] On March 26, 2021, Defendants timely returned responses to the 185 Requests for Admissions, limiting responses to Named Plaintiffs.[14] On April 5, 2021, Defendants timely returned responses to the 65 Interrogatories, again limiting responses to Named Plaintiffs, and suggested a joint request for a *Swales* hearing to determine parameters of discovery before engaging in the lengthy and expensive ESI discovery process to respond to

---

[9] *Morales v. Thang Hung Corp.*, 2009 U.S. Dist. Lexis 71765, at *2 (S.D. Tex. Aug. 14, 2009).
[10] *Swales*, 985 F. 3d at 443.
[11] *Id.* at 435-39.
[12] Dkt. 37, pp. 13-15.
[13] *See* Declaration of Susan Desmond ("Desmond Dec"), Ex. A.
[14] Desmond Dec., ¶ 6; *see also* Dkt. 37-12.

Plaintiffs' Requests for Production (which Plaintiffs refused).[15] On April 22, 2021, Defendants served written responses to Plaintiffs' Requests for Production, as well as a preliminary production of 369 pages as well as spreadsheets, recordings and video submitted in native format.[16]

Throughout the process, as detailed in Defendants' Opposition to Certification, Defendants have repeatedly requested that discovery be curtailed unless and until either the parties or this Court determine the parameters of *Swales*.[17] There is no need to rush - the relevant hard drives, email accounts, and pay information have been preserved by a third-party e-discovery vendor, as Plaintiffs are aware.[18] The trial is not set until a year from now, on May 2, 2022.[19] Nevertheless, Plaintiffs have continued to demand supplemental discovery, including most recently the commencement of costly searches of Defendants' Electronically Stored Information.[20] Therefore, Defendants have no choice but to move for Protective Order, seeking to stay all further discovery until a *Swales* Order has issued.

## II.   Legal Argument

### A.  Standard of Law for a Protective Order.

The Federal Rules of Civil Procedure provide, in part, that "[a] party . . . may move for a protective order."[21]   A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending, and the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following non-exclusive remedies: (A) forbidding the

---

[15] Desmond Dec., ¶ 5; *see also* Dkt. 37-13. 37-14.
[16] Desmond Dec., ¶7. On that same day Defendants also served responses to 185 Requests for Production and 48 Interrogatories issued in the companion case, *William v. D'Argent Franchising, et al,* Case No. 21-cv-00017-DCJ*JPM. Defendants are also moving for a protective order separately in the Title VII matter.
[17] Dkt. 37, pp. 13-15.
[18] Desmond Dec., ¶ 8.
[19] Dkt. 22.
[20] *See, e.g.,* the May 10, 2021 email of William Most to Gillian Egan, insisting on submission of an ESI proposal.
[21] Fed. R. Civ. P. 26(c)(1).

disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.[22]

### B. A Protective Order is warranted in this matter, as dispositive motions are pending and the relevant electronic discovery has been preserved.

Plaintiffs' discovery requests, as well as Plaintiffs' insistence on supplementation and immediate commencement of ESI searches, are premature given the lack of a *Swales* Order and the Plaintiffs' pending Certification Motion, which is a dispositive motion that will govern the contours of the claims.[23] As such, the Defendants respectfully submit that it hardly makes sense for any party to expend resources responding to voluminous collective-wide discovery, or costly and burdensome ESI searches, until the dispositive Certification Motion. Further, discovery should be stayed until a *Swales* Order issued.[24]

---

[22] *Id.*

[23] *See Dresser*, 2008 WL 2705584 at * 2, n.3 (E.D. La. 7/10/2008) (citing *Landry v. Air Line Pilots Ass'n Intern. AFLCIO*, 901 F.2d 404, 436 5th Cir. 1990) (finding in an ERISA case that there was no abuse of discretion in an order staying discovery pending the resolution of dispositive motions); *Enplanar Inc. v. Marsh*, 25 F.3d 1043, 1994 WL 261088 (5th Cir. 1994) (unpublished) (holding that the district court did not abuse its discretion in declining to grant additional discovery pending the determination of the motion to dismiss); *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir. 1983) (noting that a district judge may exercise his discretion to prevent the plaintiff from burdening defendant with a needless round of discovery); *Aguirre v. Nueces County, Texas*, 217 Fed.Appx. 348 (5th Cir. 2007) (unpublished) (noting that a party "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts'"); *Parish of Jefferson v. Louisiana Southern Recovery Management, Inc.*, 1996 WL 144400 (E.D.La. 3/27/1996) (Sear J.) (vacating the Magistrate Judge's order denying defendant's motion to stay discovery; citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) for the proposition that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined")).

[24] *See Sonnier v. Recon Mgmt. Servs.*, 2021 U.S. Dist. LEXIS 10908, at *2 (W.D. La. Jan. 20, 2021)( "In *Swales*, the Fifth Circuit announced a new framework for courts to determine if plaintiffs have met their burden that employees are "similarly situated" in deciding whether the case may proceed on a collective basis"); *Hebert v. TechnipFMC USA, Inc.*, 2021 U.S. Dist. LEXIS 63484, at *5-8 (S.D. Tex. Feb. 5, 2021) (same); *T.S. v. Burke Found.*, 2021 U.S. Dist. LEXIS 63588, at *4-6 (W.D. Tex. Feb. 22, 2021) (same); *Badon v. Berry's Reliable Res., LLC*, 2021 U.S. Dist. LEXIS 45688, at *5 (E.D. La. Mar. 11, 2021) (same); *Rogers v. 12291 CBW, LLC*, 2021 U.S. Dist. LEXIS 56569, at *2-3 (E.D. Tex. Mar. 15, 2021) (issuing a Pre-Notice Scheduling Order to allow the parties "to acquire sufficient information regarding 'potentially dispositive threshold issues' while minimizing the cost of unnecessary discovery" and avoiding "stirring up unwanted litigation."); *Eltayeb v. Deli Mgmt.*, 2021 U.S. Dist. LEXIS 51864, at *4-5, 9, 13 (E.D. Tex. Mar. 19, 2021) (ordering the parties to submit the material facts and legal considerations for determining whether employees are similarly situated); *Hernandez v. Pritchard Indus. (Southwest), LLC*, 2021 U.S. Dist. LEXIS

Moreover, this short continuance will not materially impede the progress of the case, nor will it threaten any pre-trial deadlines given the trial is set for a year from now. Therefore, here, "good cause" exists under Rule 26(c) to enter an Order staying all further discovery, until this Court rules on the Certification Motion, issues a *Swales* Order, and the contours of the proposed collective are determined.  As expressed in *Dresser,* such a stay is practical: "In balancing the harm produced by such a temporary stay at the outset of this case (which is nil) and against the possibility that the [dispositive motion] will be granted and entirely eliminate the need for such discovery, this Court has determined that a temporary stay is appropriate."[25] The same reasoning applies here. As such, the Defendants respectfully request that the Court stay all further discovery, until after the Court rules on the Certification Motion, and issues a *Swales* Order.

---

56675, at *3-4 (W.D. Tex. Mar. 25, 2021) (stating that under *Swales*, prior to notice issuing, the court must authorize preliminary discovery so it can "consider all of the available evidence"); *Young v. Energy Drilling Co.,* 2021 U.S. Dist. LEXIS 76659, at *3-5 (S.D. Tex. Mar. 31, 2021), *memorandum and recommendation adopted* 2021 U.S. Dist. LEXIS 75570, 2021 WL 1550343 (S.D. Tex. Apr. 20, 2021) (distinguishing the rigorous *Swales* approach from the previous *Lusardi* approach, which required "only substantial allegations that the putative class members were the victims of the same policy or plan, a fairly lenient standard."); *Martinez v. Tyson Foods, Inc*., 2021 U.S. Dist. LEXIS 67305, at *3 (N.D. Tex. Apr. 7, 2021) *Scott v. Mobilelink La., LLC*, 2021 U.S. Dist. LEXIS 71575, at *4-5 (M.D. La. Apr. 13, 2021) (ordering the parties to engage in preliminary discovery to determine which employees are similarly situated – note that undersigned counsel is also counsel for the defendant in the *Scott* matter).
[25] *Dresser*, 2008 WL 2705584 at * 2 (considering a motion to dismiss).

Respectfully submitted,

**JACKSON LEWIS P.C.**

*s/ Susan Fahey Desmond*
SUSAN FAHEY DESMOND (T.A.)
La. Bar Roll No. 25380
E-mail:  Susan.Desmond@jacksonlewis.com
GILLIAN G. W. EGAN
La. Bar Roll No. 36842
E-mail: Gillian.Egan@jacksonlewis.com
RACHEL T. GULOTTA
La. Bar Roll No. 37706
E-mail: Rachel.Gulotta@jacksonlewis.com
JACKSON LEWIS P. C.
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone:      (504) 208-1755
Facsimile:      (504) 208-1759

COUNSEL FOR DEFENDANTS,
D'Argent Franchising, LLC
D'Argent Construction, LLC
D'Argent Companies, LLC
Thomas Giallanardo, III,
Justin Giallonardo

4813-6050-5065, v. 1