UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMANTHA WILLIAMS and DAKOTA FISHER, individually and on behalf of all others similarly situated, and WES PIGOTT,** | **DOCKET NO.: 1:20-cv-01501** |
| **Plaintiffs,** | |
| **v.** | **MAGISTRATE JOSEPH H. L. PEREZ-MONTES** |
| **D'ARGENT FRANCHISING, LLC, D'ARGENT CONSTRUCTION, LLC, D'ARGENT COMPANIES, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and XYZ INSURANCE COMPANY** | |
| **Defendants.** | |

## DECLARATION OF SUSAN FAHEY DESMOND

I, Susan Fahey Desmond, declare under penalty of perjury as follows:

1) I am over 18 years of age and competent to give this Declaration based upon my personal knowledge.

2) I am serving as counsel of record for all Defendants in this case.

3) I submit this declaration, based upon my personal knowledge, in support of Defendants' Motion for Protective Order.

4) As counsel of record for Defendants, I have personal knowledge of the course of discovery in this case.

5) On February 24, 2021, Plaintiff issued 11 interrogatories to Thomas Giallonardo, III, 12 interrogatories to Justin Giallonardo, and 14 interrogatories to D'Argent Franchising, LLC, to

1

D'Argent Construction, LLC, and to D'Argent Companies, LLC for a total of 65 interrogatories.[1] Defendants responded to these interrogatories on April 5, 2021.

6)  On February 24, 2021, Plaintiff issued 37 Requests for Admissions to each Defendant for a total of 185 Requests for Admissions.[2]  Defendants responded to these Requests for Admissions, limiting responses to Named Plaintiffs, on March 26, 2021.

7)  On February 24, 2021, Plaintiffs issued 52 Requests for Production to each Defendant for a total of 260 Requests for Production.[3]  Defendants responded to these Requests for Production on April 22, 2021 submitting a preliminary production of 369 pages as well as spreadsheets, recordings and video submitted in native format.

8)  Counsel Defendants have made counsel for Plaintiffs aware that the hard drives, email accounts, and pay information which may be relevant to the discovery requests have been preserved by a third-party e-discovery vendor.

9)  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___5/11/2021___          _____
                                                                    Susan Fahey Desmond

4825-3215-6905, v. 1

---

[1] The discovery requests are attached hereto as Exhibit A.
[2] See Exhibit A.
[3] See Exhibit A.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMANTHA WILLIAMS, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  20-cv-01501-DCJ-JPM |
| | ) | |
| D'ARGENT FRANCHISING, LLC *et al.* | ) | |
| Defendants. | ) | |
| | ) | |

## **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THOMAS GIALLONARDO**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned counsel, hereby request that Thomas Giallonardo, III, answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel within thirty (30) days, in accordance with the law and the definitions and instructions set forth below.

## **DEFINITIONS**

1.      The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.      The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; receptionist records; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electr

1

EXHIBIT
A

information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.    The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.    The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.    Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words

6.    The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

## <u>INSTRUCTIONS</u>

6.    You are to answer each interrogatory separately, completely and fully, under oath. In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.    If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.    These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some

information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.      If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.      If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.      These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon as new responsive information is acquired.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

Identify all your sources of income, and the amounts thereof.

### **INTERROGATORY NO. 2**

Detail all your assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2017 to the present.

**INTERROGATORY NO. 3**

Describe your net worth for fiscal years 2017, 2018, 2019, and 2020.

**INTERROGATORY NO. 4**

Identify all bank accounts owned or controlled by you, or that you have access to.

**INTERROGATORY NO. 5**

Identify your relationship to, and percent ownership of, the following entities:

- D'Argent Franchising, LLC
- D'Argent Construction, LLC
- D'Argent Companies, LLC
- DOLLAR GENERAL MANSURA, LLC
- PORT BARRE D.G., L.L.C.
- RUBYWISE D.G., L.L.C.
- HIGHWAY 28 EAST D.G., L.L.C.
- FINKS HIDEAWAY D.G., L.L.C.
- JUSTIN HEIGHTS HOMEOWNER'S ASSOCIATION, INC.
- PO ALEXANDRIA, LLC
- MRF INVESTMENTS, LLC
- FORTUNE AND BONIN, L.L.C.
- WM BLANCHARD LLC
- BR FLORIDA BLVD LLC
- PLAIN DEALING DG, L.L.C.
- EUNICE D.G., L.L.C.
- EUNICE CFC, L.L.C.
- PLACE DU MARCHE, L.L.C.
- IREP - MONTGOMERY MRF, LLC
- STRATMORE, L.L.C.
- BOUTTE SHADOW CENTER, L.L.C.
- SHED ROAD DG, L.L.C.
- AIRLINE DRIVE BOSSIER CITY DG, L.L.C.
- SCHWARTZ D.G., L.L.C.
- VIVIAN D.G., L.L.C.
- LECOMPTE D.G., L.L.C.
- HAUGHTON D.G., L.L.C.
- NATCHITOCHES DG, L.L.C.

**INTERROGATORY NO. 6**

Identify all persons who you believe have any information or knowledge with respect to any facts or matters relating to the allegations in the Complaint or any of your claimed affirmative defenses.  [Note: This interrogatory is broader than the Defendants' Rule 26(a)(1) initial disclosure

obligation].  With respect to each person identified, identify and describe what information you believe each person may possess.

## INTERROGATORY NO. 7

Please set forth the factual basis for each of the affirmative defenses you may raise.

## INTERROGATORY NO. 8

Describe the "actions" you describe in your Eleventh Affirmative Defense as being taken in good faith.

## INTERROGATORY NO. 9

Identify the date and time that the October 15, 2020 email from William Most, subject line "Serrano and Setliff Position Paper" was forwarded to any D'Argent employee, owner, or manager.

## INTERROGATORY NO. 10

Identify all times you reduced any employees earned wages or salary on your own or through a directive.

## INTERROGATORY NO. 11

Identify and describe any directives you gave to employees regarding overtime pay owed to employees of D'Argent (including each company Defendant in this matter).

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*


CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021, a copy of *Plaintiff's First Set of Interrogatories* was transmitted to counsel for Defendants by email.

  /s/ William Most
**WILLIAM MOST**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| SAMANTHA WILLIAMS, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  20-cv-01501-DCJ-JPM |
| | ) | |
| D'ARGENT FRANCHISING, LLC *et al.* | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO JUSTIN GIALLONARDO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned counsel, hereby request that Justin Giallonardo answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel within thirty (30) days, in accordance with the law and the definitions and instructions set forth below.

### DEFINITIONS

1.      The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.      The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; receptionist records; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic

1

information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.        The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.        The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.        Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words

6.        The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.


## <u>INSTRUCTIONS</u>

6.        You are to answer each interrogatory separately, completely and fully, under oath. In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.        If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.      These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.      If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.      If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.      These interrogatories are continuing in nature.   As such, Defendants shall supplement any response to these interrogatories as soon as new responsive information is acquired.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**

Identify all your sources of income, and the amounts thereof.

## **INTERROGATORY NO. 2**

Detail all your assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2017 to the present.

**INTERROGATORY NO. 3**

Describe your net worth for fiscal years 2017, 2018, 2019, and 2020.

**INTERROGATORY NO. 4**

Identify all bank accounts owned or controlled by you, or that you have access to.

**INTERROGATORY NO. 5**

Identify your relationship to, and percent ownership of, the following entities:

- D'Argent Franchising, LLC
- D'Argent Construction, LLC
- D'Argent Companies, LLC
- DOLLAR GENERAL MANSURA, LLC
- PORT BARRE D.G., L.L.C.
- RUBYWISE D.G., L.L.C.
- HIGHWAY 28 EAST D.G., L.L.C.
- FINKS HIDEAWAY D.G., L.L.C.
- JUSTIN HEIGHTS HOMEOWNER'S ASSOCIATION, INC.
- PO ALEXANDRIA, LLC
- MRF INVESTMENTS, LLC
- FORTUNE AND BONIN, L.L.C.
- WM BLANCHARD LLC
- BR FLORIDA BLVD LLC
- PLAIN DEALING DG, L.L.C.
- EUNICE D.G., L.L.C.
- EUNICE CFC, L.L.C.
- PLACE DU MARCHE, L.L.C.
- IREP - MONTGOMERY MRF, LLC
- STRATMORE, L.L.C.
- BOUTTE SHADOW CENTER, L.L.C.
- SHED ROAD DG, L.L.C.
- AIRLINE DRIVE BOSSIER CITY DG, L.L.C.
- SCHWARTZ D.G., L.L.C.
- VIVIAN D.G., L.L.C.
- LECOMPTE D.G., L.L.C.
- HAUGHTON D.G., L.L.C.
- NATCHITOCHES DG, L.L.C.

**INTERROGATORY NO. 6**

Identify all times you reduced Wes Pigott's pay or salary and the amount of the deductions.

**INTERROGATORY NO. 7**

Identify all times you directed someone to reduce Wes Pigott's pay or salary, and by how much.

## INTERROGATORY NO. 8

Identify all persons who you believe have any information or knowledge with respect to any facts or matters relating to the numbered allegations in the Complaint or any of your claimed affirmative defenses.  [Note: This interrogatory is broader than the Defendants' Rule 26(a)(1) initial disclosure obligation].  With respect to each person identified, identify and describe what information you believe each person may possess.

## INTERROGATORY NO. 9

Please set forth the factual basis for each of the affirmative defenses you may raise.

## INTERROGATORY NO. 10

Identify and describe the "actions" you describe in your Eleventh Affirmative Defense as being taken in good faith.

## INTERROGATORY NO. 11

Identify all times you reduced any employees earned wages or salary on your own or through a directive.

## INTERROGATORY NO. 12

Identify and describe any directives you gave to employees regarding overtime pay owed to employees of D'Argent (including each company Defendant in this matter).

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021, a copy of *Plaintiff's First Set of Interrogatories* was transmitted to counsel for Defendants by email.

/s/ William Most
**WILLIAM MOST**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA WILLIAMS, *et al.*<br><br>Plaintiff,<br>v.<br><br>D'ARGENT FRANCHISING, LLC *et al.*<br>Defendants. | )<br>)<br>)<br>)<br>)   No.  20-cv-01501-DCJ-JPM<br>)<br>)<br>)<br>) |

**Plaintiff's First Set of Interrogatories to D'Argent Franchising, LLC,**
**Plaintiff's First Set of Interrogatories to D'Argent Construction, LLC, and**
**Plaintiff's First Set of Interrogatories to D'Argent Companies, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned counsel, hereby request that D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel within thirty (30) days, in accordance with the law and the definitions and instructions set forth below.

## DEFINITIONS

1.      The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.      The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; receptionist records; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules,

1

regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.      The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.      The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.      Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words

6.      The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

## **INSTRUCTIONS**

6.      You are to answer each interrogatory separately, completely and fully, under oath. In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.      If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.      These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.      If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.      If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.      These interrogatories are continuing in nature.   As such, Defendants shall supplement any response to these interrogatories as soon as new responsive information is acquired.

13.      Interrogatories are combined here to D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, but each entity should answer separately.

## **INTERROGATORIES**

**Interrogatory No. 1 to D'Argent Franchising, LLC**
**Interrogatory No. 1 to D'Argent Construction, LLC**
**Interrogatory No. 1 to D'Argent Companies, LLC**

Identify all your sources of income, and the amounts thereof.

**Interrogatory No. 2 to D'Argent Franchising, LLC**
**Interrogatory No. 2 to D'Argent Construction, LLC**
**Interrogatory No. 2 to D'Argent Companies, LLC**

Detail all your assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2017 to the present.

**Interrogatory No. 3 to D'Argent Franchising, LLC**
**Interrogatory No. 3 to D'Argent Construction, LLC**
**Interrogatory No. 3 to D'Argent Companies, LLC**

Describe your net worth for fiscal years 2017, 2018, 2019, and 2020.

**Interrogatory No. 4 to D'Argent Franchising, LLC**
**Interrogatory No. 4 to D'Argent Construction, LLC**
**Interrogatory No. 4 to D'Argent Companies, LLC**

Identify all bank accounts owned or controlled by you, or that you have access to.

**Interrogatory No. 5 to D'Argent Franchising, LLC**
**Interrogatory No. 5 to D'Argent Construction, LLC**
**Interrogatory No. 5 to D'Argent Companies, LLC**

Identify your relationship to, and percent ownership of, the following entities:

- D'Argent Franchising, LLC
- D'Argent Construction, LLC
- D'Argent Companies, LLC
- DOLLAR GENERAL MANSURA, LLC
- PORT BARRE D.G., L.L.C.
- RUBYWISE D.G., L.L.C.
- HIGHWAY 28 EAST D.G., L.L.C.
- FINKS HIDEAWAY D.G., L.L.C.
- JUSTIN HEIGHTS HOMEOWNER'S ASSOCIATION, INC.
- PO ALEXANDRIA, LLC
- MRF INVESTMENTS, LLC
- FORTUNE AND BONIN, L.L.C.
- WM BLANCHARD LLC
- BR FLORIDA BLVD LLC
- PLAIN DEALING DG, L.L.C.
- EUNICE D.G., L.L.C.
- EUNICE CFC, L.L.C.
- PLACE DU MARCHE, L.L.C.
- IREP - MONTGOMERY MRF, LLC
- STRATMORE, L.L.C.
- BOUTTE SHADOW CENTER, L.L.C.

- SHED ROAD DG, L.L.C.
- AIRLINE DRIVE BOSSIER CITY DG, L.L.C.
- SCHWARTZ D.G., L.L.C.
- VIVIAN D.G., L.L.C.
- LECOMPTE D.G., L.L.C.
- HAUGHTON D.G., L.L.C.
- NATCHITOCHES DG, L.L.C.

**Interrogatory No. 6 to D'Argent Franchising, LLC**
**Interrogatory No. 6 to D'Argent Construction, LLC**
**Interrogatory No. 6 to D'Argent Companies, LLC**

Please set forth the factual basis for each of the affirmative defenses you may raise.

**Interrogatory No. 7 to D'Argent Franchising, LLC**
**Interrogatory No. 7 to D'Argent Construction, LLC**
**Interrogatory No. 7 to D'Argent Companies, LLC**

Identify all job positions of your employees that you contend are exempt from overtime pay under the FLSA.

**Interrogatory No. 8 to D'Argent Franchising, LLC**
**Interrogatory No. 8 to D'Argent Construction, LLC**
**Interrogatory No. 8 to D'Argent Companies, LLC**

Identify all employees of yours, from January 2018 to the present that you contend are exempt from overtime pay under the FLSA.

**Interrogatory No. 9 to D'Argent Franchising, LLC**
**Interrogatory No. 9 to D'Argent Construction, LLC**
**Interrogatory No. 9 to D'Argent Companies, LLC**

Identify all of your employees, from January 2018 to the present, whose pay has been subject to reduction because of variations in the quality or quantity of work.

**Interrogatory No. 10 to D'Argent Franchising, LLC**
**Interrogatory No. 10 to D'Argent Construction, LLC**
**Interrogatory No. 10 to D'Argent Companies, LLC**

Identify all of your 1) hourly employees, and 2) salaried employees, from January 2018 to the present.  In identifying those salaried employees, please identify that employees' annual salary for each year from 2018 to the present.

**Interrogatory No. 11 to D'Argent Franchising, LLC**
**Interrogatory No. 11 to D'Argent Construction, LLC**
**Interrogatory No. 11 to D'Argent Companies, LLC**

Identify and describe all oral and written overtime practices, procedures, customs, and/or policies from 2015 to the present, including all changes and/or amendments to these practices, procedures, customs, and/or policies, and the dates of any purported changes.

**Interrogatory No. 12 to D'Argent Franchising, LLC**
**Interrogatory No. 12 to D'Argent Construction, LLC**
**Interrogatory No. 12 to D'Argent Companies, LLC**

Describe who creates, implements, and/or changes, your corporate policies, procedures, and/or practices applicable to the Plaintiffs regarding the following (in your response, please include the process, persons, and/or personnel responsible for communicating and overseeing these policies, procedures, and/or practices):

    a.     employment agreements,
    b.     wages (including all shift differentials and overtime and calculation of same),
    c.     recording all hours worked,
    d.     meal breaks (including automatic deductions and monitoring, recording, confirming, discouraging, and/or compensating interrupted meal breaks),
    e.     bonuses,
    f.     incentive pay (i.e. picking up shifts, recommending new hires, or otherwise),
    g.     401k matches,
    h.     ERISA,
    i.     termination,
    j.     employees filing any concerns or complaints regarding any of the above, and
    k.     company investigation of workplace violations.

For example, your response might include the corporate administrator(s) or office(s) or officer(s) creating a policy, then communicating and/or involving certain director(s) with the creation and/or communication of that policy, who then communicates and/or involves implementation of said policy to a certain facility (or more specific unit in a facility, or perhaps it is a system-wide policy), and who describes the policy those directors, managers, or otherwise in that unit or facility that communicates, oversees, or even redefines/alters those policies to the specific Plaintiffs.

**Interrogatory No. 13 to D'Argent Franchising, LLC**
**Interrogatory No. 13 to D'Argent Construction, LLC**
**Interrogatory No. 13 to D'Argent Companies, LLC**

Please describe any and all complaints you have received regarding Plaintiffs' pay, compensation, meal break policies (automatically deducted or otherwise), contracts, and/or Defendants' failure to properly compensate Plaintiffs and/or pay Plaintiffs' overtime compensation. In your answer please be sure to identify and describe any system(s) for lodging such complaints and where they are stored.  Please include the date(s) such conversation(s) or communication(s) took place, any witness(es) that were present to those conversations or communications, a description of the substance of those communications or conversations, and the resulting action that took place.

**Interrogatory No. 14 to D'Argent Franchising, LLC**
**Interrogatory No. 14 to D'Argent Construction, LLC**
**Interrogatory No. 14 to D'Argent Companies, LLC**

Please identify the individual(s) or employee(s) responsible for computing the weekly wages due to and/or paid to Plaintiffs, any payroll systems used, as well as the amount of any employee benefit plan for which Plaintiffs are/were eligible during their employment with Defendants.

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021, a copy of *Plaintiff's First Set of Interrogatories* was transmitted to counsel for Defendants by email.

 /s/ William Most
**WILLIAM MOST**

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| SAMANTHA WILLIAMS, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  20-cv-01501-DCJ-JPM |
| | ) | |
| D'ARGENT FRANCHISING, LLC *et al.* | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO ALL DEFENDANTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, who puts forth the following Request for Admissions to all Defendants, pursuant to Fed R. Civ. P. 36 and Local Rule 36.1.  Failure to respond within thirty (30) days of receipt of these requests shall be deemed an admission.

**Instructions**

1.  The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

2.  If the answer for any Defendant is different than any other Defendant, provide the answer for each defendant.

**REQUEST FOR ADMISSION No. 1:**

Please admit the fact that at D'Argent's Huddle House, employees clock-in and clock-out using an electronic time management system called "Aloha."

**REQUEST FOR ADMISSION No. 2:**

Please admit the fact that each pay period, D'Argent Franchising LLC managers take the employee hours from the time management systems, and send them to another D'Argent employee to be entered into the Heartland payroll system.

**REQUEST FOR ADMISSION No. 3:**

Please admit the fact that in Aloha, the "edit punch" functionality can be used to delete hours worked by an employee.

**REQUEST FOR ADMISSION No. 4:**

Please admit the fact that at least one D'Argent manager has used Aloha's "edit punch" functionality to delete hours worked by at least one employee.

**REQUEST FOR ADMISSION No. 5:**

Please admit the fact that Justin Giallonardo has directed at least one D'Argent manager to delete employee overtime hours worked.

**REQUEST FOR ADMISSION No. 6:**

Please admit the fact that Page 12 of D'Argent's manual says "Salaried employees are not allowed overtime compensation."

**REQUEST FOR ADMISSION No. 7:**

Please admit the fact that D'Argent's salaried employees are not allowed overtime compensation.

**REQUEST FOR ADMISSION No. 8:**

Please admit the fact that at D'Argent, no salaried employees are paid overtime compensation.

**REQUEST FOR ADMISSION No. 9:**

Please admit the fact that some D'Argent salaried employees work more than 40 hours in some weeks.

**REQUEST FOR ADMISSION No. 10:**

Please admit the fact that on August 11, 2020, Justin Giallonardo met with Richard Molina.

**REQUEST FOR ADMISSION No. 11:**

Please admit the fact that on August 11, 2020, Justin Giallonardo recorded a conversation with Richard Molina.

**REQUEST FOR ADMISSION No. 12:**

Please admit the fact that on September 8, 2020, Richard Molina was made General Manager of Huddle House.

**REQUEST FOR ADMISSION No. 13:**

Please admit the fact that in September 2020, Richard Molina was made General Manager of Huddle House.

**REQUEST FOR ADMISSION No. 14:**

Please admit the fact that on September 23, 2020, Richard Molina was terminated from D'Argent employment.

**REQUEST FOR ADMISSION No. 15:**

Please admit the fact that on October 15, 2020, in email from William Most, subject line "Serrano and Setliff Position Paper," Richard Molina was identified as a witness in a potential lawsuit against D'Argent.

**REQUEST FOR ADMISSION No. 16:**

Please admit the fact that the October 15, 2020 email from William Most, subject line "Serrano and Setliff Position Paper," was the first time you were aware Richard Molina was identified as a witness in a potential lawsuit against D'Argent.

**REQUEST FOR ADMISSION No. 17:**

Please admit the fact that on October 22, 2020, a D'Argent employee reported Richard Molina to the Pineville Police Department.

**REQUEST FOR ADMISSION No. 18:**

Please admit the fact that Justin Giallonardo directed Susan Kelley to report Richard Molina to the police.

**REQUEST FOR ADMISSION No. 19:**

Please admit the fact that D'Argent did not report Richard Molina to the police until after he was identified as a witness in a potential lawsuit against D'Argent.

**REQUEST FOR ADMISSION No. 20:**

Please admit the fact that D'Argent's salaried employees' pay are sometimes reduced if they work less than eight hours in a day.

**REQUEST FOR ADMISSION No. 21:**

Please admit the fact that on November 12, 2020, Plaintiff's counsel sent D'Argent's counsel a letter with the subject line "Amicable Demand for Unpaid Wages of Samantha Williams."

**REQUEST FOR ADMISSION No. 22:**

Please admit the fact that no additional wages have been provided to Samantha Williams subsequent to Plaintiffs' counsel's November 12, 2020 letter with the subject line "Amicable Demand for Unpaid Wages of Samantha Williams."

**REQUEST FOR ADMISSION No. 23:**

Please admit the fact that D'Argent has not changed its overtime practices or policies subsequent to the filing of *Williams v. D'Argent Franchising*, W.D. La. 20-cv-01501.

**REQUEST FOR ADMISSION No. 24:**

Please admit the fact that all of D'Argent's employees' pay are subject to reduction depending

on variations in the quality or quantity of work.

**REQUEST FOR ADMISSION NO. 25:**

Please admit the fact that Thomas Giallonardo, III is the majority owner of D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC

**REQUEST FOR ADMISSION NO. 26:**

Please admit the fact that Thomas Giallonardo, III has the power to hire D'Argent employees.

**REQUEST FOR ADMISSION NO. 27:**

Please admit the fact that Justin Giallonardo has the power to hire D'Argent employees.

**REQUEST FOR ADMISSION NO. 28:**

Please admit the fact that Thomas Giallonardo, III has the power to fire D'Argent employees.

**REQUEST FOR ADMISSION NO. 29:**

Please admit the fact that Justin Giallonardo has the power to fire D'Argent employees.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Thomas Giallonardo, III, supervises D'Argent employees.

**REQUEST FOR ADMISSION NO. 31:**

Please admit the fact that Justin Giallonardo supervises D'Argent employees.

**REQUEST FOR ADMISSION NO. 32:**

Please admit the fact that Thomas Giallonardo, III has authority, and does, set and approve work schedules of D'Argent employees.

**REQUEST FOR ADMISSION NO. 33:**

Please admit the fact that Justin Giallonardo has authority, and does, set and approve work schedules of D'Argent employees.

**REQUEST FOR ADMISSION NO. 34:**

Please admit the fact that Thomas Giallonardo, III, determines the method and rate of payment of D'Argent employees.

**REQUEST FOR ADMISSION NO. 35:**

Please admit the fact that Justin Giallonardo determines the method and rate of payment of D'Argent employees.

**REQUEST FOR ADMISSION NO. 36:**

Please admit the fact that if a salaried main-office employee works fewer than eight hours in a day, their pay is reduced.

**REQUEST FOR ADMISSION NO. 37:**

Please admit the fact that, as Louisiana companies transacting business and employing individuals, you have been aware of the requirements of the Fair Labor Standards Act during that time.

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021 a copy of *Plaintiff's First Request for Admissions* was transmitted to counsel for Defendants by email.

*/s/ William Most*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

|                                      |   |                        |
|--------------------------------------|---|------------------------|
| SAMANTHA WILLIAMS, *et al.*          | ) |                        |
|                                      | ) |                        |
| Plaintiff,                           | ) |                        |
| v.                                   | ) | No.  20-cv-01501-DCJ-JPM |
|                                      | ) |                        |
| D'ARGENT FRANCHISING, LLC *et al.*   | ) |                        |
| Defendants.                          | ) |                        |
|                                      | ) |                        |

<u>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, hereby request that Defendants produce the following documents for inspection and copying within thirty (30) days of service at the offices of Plaintiff's counsel, in accordance with the definitions and instructions below.  Production in electronic form is permissible and preferred.

**DEFINITIONS**

For the purpose of these Requests for Production, the following terms are used as defined immediately below:

1.      "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2.      "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; receptionist records; letters; memoranda; notes; diaries; statistics; telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti;  inter-office  and  intra-office  communications;  offers;  notations  of  any  sort  of conversation,  telephone  calls,  meetings  or  other  communications;  bulletins;  printed  matter;

invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.      "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.      "**Plaintiff**" refers to Bradford Skinner, named in this action, unless the context indicates or specifies otherwise.

5.      "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in the above-captioned action, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6.      "**Employed**" or "**employment**" means any work or services provided or performed in connection with any direct employment, indirect employment, contract employment, independent contractor relationship, outsourcing employment, temporary employment and/or staffing services employment.  It also means any volunteer work.

7.      "**Communication**" and "**communications**" means, without limitation, any oral, written or electronic transmission of information, including but not limited to:  (1) any written letter, memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text message,

or other document, including in electronic form; (2) any telephone call by or with you, or between you and two or more persons, or between you and any other person, whether or not such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you, or between you and two or more persons, or between you and any other person, whether or not such contact was by chance or prearranged, formal or informal.

8.      "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal.

9.      "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the name, relationship to defendant and last known address and telephone number of such person; and when referring to a natural person, additionally, the race and sex of the person and the name, address, and telephone number of such person's last known place of employment and/or business. Once a person has been identified in compliance with this paragraph, only the name of that Person need be listed in response to later discovery requesting the identification of that person.  The term "Identify" as it relates to an employer, supplier, or other business or entity means to state the entity's name, address and telephone number.

10.      "**Identify,**" "**identity,**" and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information:  (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11.       "**Relate**," "**Related**," "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss,

involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.     "**Complaint**" means the most recent complaint filed in the above-captioned case.

13.      "**Any,**" "**all,**" "**each,**" and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14.     "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15.     As used herein, use of the present tense shall also be read to include the past tense and vice versa.

16.     As used herein, the use of the singular shall also be read to include the plural and vice versa.

17.     The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

## **INSTRUCTIONS**

1.     The responsive documents should be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.     In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your respective agents, employees, attorneys, accountants, or other representatives.  A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.  If you are unaware of the existence of any documents responsive to a particular request, you should expressly so indicate.

3.     Each request for documents seeks production of documents in their entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto, regardless of whether you consider the entire document to be relevant or responsive to these requests.

4.      In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.      In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

6.      All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

7.      Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

8.      If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

9.      Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

10.     If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and (vi) the

nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

11.     If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

12.     Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

13.     If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

14.     Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisers, and all other persons acting or purporting to act on its behalf, or under its control.

15.     If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

16.     If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the names of the custodians of such Documents, the anticipated date range of such Documents, and the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition

asserted; and (iii) whether the custodian has been requested to consent to review of those Documents.

17.     Unless otherwise specified, all requests that refer to a time period include all documents and information that relate to that period, even though prepared or published outside that period.

18.     If responsive documents are ESI, you are to provide them in both native and Bates-stamped formats.

## **DOCUMENT REQUESTS**

Please produce:

1. All employee handbooks, company policy manuals, and/or personnel manuals in effect from January 1, 2018 to the present.

2. All policies regarding overtime, including handbooks, manuals, written procedures and policies, emails, and memoranda.

3. All payroll records for D'Argent from January 1, 2018 to the present, including but not limited to the pay received by Plaintiffs on a weekly basis and/or any compensation made to Plaintiffs by either cash, check, or any other form of payment.

4. All time records, time cards, time sheets or other documents identifying or describing the hours worked by D'Argent employees each week from January 1, 2018 to the present. This request includes but is not limited to any attendance sheets, all work or shift schedules, any time entered into Defendant's time keeping system (both written and electronic), any time kept by an office manager or supervisor, or other documents identifying or describing the hours worked.

5. Please produce a copy of all contracts for work on which Plaintiffs were employed.

6. All Defendants' tax returns for all years 2018 to the present.

7. All documents reflecting a summary of all Defendants' assets and liabilities, in any of the years 2018 to the present.

8. All documents reflecting your net worth, in any of the years 2018 to the present.

9. All "edit punch reports" from the Aloha system.

10. All Sage payroll entries, from January 2018 to the present, where a salaried employee is listed as having worked fewer than 40 hours per week.

11. All documents, including audio recordings, provided to the Pineville Police Department regarding Richard Molina.

12. All correspondence with the Pineville Police Department regarding Richard Molina.

13. All photographs, films, videotapes, or audio recordings of Plaintiffs, which are in Defendants' possession, custody or control.

14. All emails and text messages of any Defendant or D'Argent manager containing the terms "overtime" or "over 40" or "over forty" or "more than 40" or "more than forty" or "time and a half" or "salary."

15. All electronic communications, including e-mails, text messages, and other electronic messages concerning Plaintiffs, Plaintiffs' time worked, time keeping, time cards, time sheets, time worked, overtime, overtime policies, calculation of overtime, Plaintiffs' pay, and Plaintiffs' job duties or responsibilities.

16. All offers of employment to Plaintiffs, including any offer letters, employment contracts, job descriptions, etc.

17. All job descriptions or other documents identifying or describing job duties at D'Argent from January 1, 2018 to the present.

18. All documents reflecting, indicating or relating to any statements taken or received by Defendant, its attorneys or representatives, from any person who has information or knowledge relating to the events alleged in Plaintiffs' complaint.

19. All documents, including but not limited to e-mails, concerning claims of any employee regarding Defendants' failure to properly pay wages and/or overtime wages.

20. All documents prepared for government agencies (e.g. Internal Revenue Service, Immigration Customs Enforcement, Department of Labor, Equal Employment Opportunity Commission, etc.) demonstrating the employment and compensation of Plaintiffs if any such documents exist.

21. All lists of D'Argent employees from January 1, 2018 to the present.

22. All Sam's Club cards or memberships for any D'Argent entity, from 2018 to the present.

23. All applications for Sam's Club cards or memberships for any D'Argent entity, from 2018 to the present.

24. All personnel and payroll records regarding named Plaintiffs and Richard Molina, as well as any other file or collection of documents maintained by Defendant and/or its employees concerning Plaintiffs or Richard Molina.

25. All correspondence between D'Argent's counsel and the Louisiana State Police, the Baton Rouge sex crimes unit, and the Lafayette Parish Sheriff's Office sex crimes unit, regarding any named Plaintiff.

26. All correspondence, including emails and text messages, between Justin Giallonardo and Jordyn McCree.

27. All contents of the thumb drive provided by D'Argent to D'Argent's counsel.

28. All contents of the hard drive provided by D'Argent to D'Argent's counsel.

29. All correspondence with and invoices of the Information Technology vendor (possibly Field Nation) who conducted work at D'Argent's Huddle House on September 28, 2020.

30. All documents that identify, describe, or relate to any claim that Defendants' method of compensating Plaintiff was performed with a good faith, reasonable belief that Defendant was complying with the Fair Labor Standards Act relating to minimum wage and overtime compensation.

31. All documents obtained as a result of releases and/or subpoenas relating to this case.

32. All documents related to Defendants' affirmative defenses and/or which Defendants believe support any of its affirmative defenses.

33. All documents reflecting evidence of ownership, control, or management of Defendants.

34. All form W-2s or 1099s prepared for Plaintiffs by Defendants and/or their agents or accountants.

35. All documents reflecting the number of employees of Defendants, including government report forms reflecting the number of employees.

36. Any documented work schedules reflecting when Plaintiffs worked for Defendants from January 1, 2018 to the present.

37. If any Defendant claims that it relied upon any opinion, ruling, regulation, document, or interpretation or decision of any kind issued, promulgated, or drafted by the United States Department of Labor as a basis for its failure to pay Plaintiffs minimum wage or overtime compensation or as a basis for claiming that it has paid Plaintiffs overtime compensation, please produce all such documents.

38. With respect to any audits, reconciliations, reviews, or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 2015 of any Defendant or any entity owned in whole or in part by Defendants, produce all correspondence, reports, schedules, work papers, opinions and other documents that relate to or pertain to said inquiry by the DOL of Defendants' compensation policies.

39. With respect to any lawsuits filed against any Defendant on or after 2015 relating to the payment of overtime compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

40. Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment, and the name(s) of the employee(s) to whom such payment was made.

41. Defendants' policies/procedures (and any evidence thereof, including any evidence

contained in any company manual, policy book, orientation program, and/or online website or portal, or in any other storage mechanism), regarding Defendants' wage and hour pay policies, procedures and practices, including payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed in a similar capacity, Defendant's practices with respect to the payment of overtime compensation to employees such as Plaintiffs, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiffs.

42. Any records or documents of any kind (including video, audio or other digital tapes) that may establish when and how many hours (and what hours on each particular day) Plaintiffs performed work for Defendants from January 2018 to the present, whether Plaintiff was compensated properly or not for all such hours.

43. All documents that evidence the terms and conditions of Plaintiffs' employment with Defendant, including any written contracts and/or agreements of any nature between Plaintiffs and Defendants and all company and personnel manuals, employee handbooks, and memos that Defendant provided to Plaintiffs.

44. Any and all indexes, matrixes, scales, schematics, charts, ratios, analysis, records, emails, text messages, logs, data files, calendar notes, correspondence or other documents relating to the Defendants' budgeted labor policies, plans, practices and/or schemes (including those for certain units, facilities, or otherwise).

45. Any and all documents Defendant intends to use in defense of Plaintiffs' claims in the Complaint.

46. Any and all documents in Defendant's possession identified in the Defendants' Rule 26(a)(1) disclosures.

47. Any and all documents Defendant relied upon as a basis for responding to Plaintiffs' Interrogatories to Defendant.

48. All documents evidencing the reporting of Plaintiffs' earnings to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Louisiana Unemployment Compensation Fund.

49. To the extent that any part of the remuneration and/or compensation paid to Plaintiffs was not reflected in Plaintiffs' pay check, produce all documents evidencing the amount, date and nature and purpose of all such payments.

50. If any Defendant claims that he relied on an attorney's opinion indicating that his pay policy at issue in this case was FLSA compliant, please provide all notes, documents, writing and/or correspondence, wherein Defendant discussed the pay policy at issue with their attorney(s), prior to the commencement of the instant lawsuit.

51. If any Defendant claims that he relied on an opinion from the United States Department of Labor, that his pay policy, which is at issue in this case, was FLSA compliant, provide all notes, documents, writings and/or correspondence wherein Defendant discussed the pay policy at issue

with its attorney(s) prior to the commencement of the instant.

52. All documents related to the "investigations" described in the following statement by Defendants: "The main witnesses in the suit are the plaintiff's live-in boyfriend and a convicted felon, both of whom are under active investigation for suspicion of theft from D'Argent Franchising, LLC."

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2021, a copy of *Plaintiff's First Request for Production of Documents* was transmitted to counsel for Defendants by email.

*/s/ William Most*