UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMANTHA WILLIAMS, DAKOTA FISHER, individually and on behalf of those similarly Situated, and WES PIGOTT | NO. 20-cv-1501<br><br>JUDGE DAVID C. JOSEPH<br>MAG. JOSEPH H.L. PEREZ-MONTES |
| VERSUS | |
| D'ARGENT FRANCHISING, LLC, D'ARGENT CONSTRUCTION, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and XYZ INSURANCE CO. | Putative Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

**Plaintiffs' Opposition to Motion for Protective Order**

NOW INTO COURT, through counsel, comes Plaintiffs Samantha Williams and Dakota Fisher, individually and on behalf of those similarly situated, and Wes Pigott, to oppose Defendants' Motion for Protective Order. R. Doc. 38-1.

I.  **Introduction**

Defendants' Motion for Protective Order and to stay discovery should be denied because the Defendants have not shown good cause, and because there will be prejudice to both the named Plaintiffs and to the putative class members if discovery is stayed completely. The Defendants have not shown that the pending motion for conditional certification creates good cause to justify a stay discovery. While conditional certification is a threshold issue in this case, the Fifth Circuit has not mandated that discovery be stayed in all cases where such a motion is pending. In fact, the Court in *Swales* confirmed this Court's wide discretion to make individual determinations for each case as it relates to discovery in collective actions. While Defendants focus on the decision in *Swales*, they fail

1

to explain how they will be burdened by responding to Plaintiffs' discovery requests. Defendants have not shown specific facts sufficient for good cause.

Further, all Plaintiffs—named and putative class members—will be prejudiced if discovery is stayed. First, the named Plaintiffs will be prejudiced if discovery is stayed even if this Court denies the pending motion for conditional certification because litigation will not end in this matter. The named Plaintiffs' claims will move forward regardless, and thus a stay to *all* discovery is not warranted. Further, Defendants have already responded to some of Plaintiffs' discovery requests and fail to explain how continuing to respond is overly burdensome or expensive. Second, because the Defendants refuse to consider stipulations to equitable tolling or Notice to a putative class, unknowing putative Plaintiffs are greatly prejudiced by delaying the progress of this case as they will be prevented from bringing or even knowing of their claims while their statute of limitations continues to erode their claims to unpaid wages.

The motion for protective order and for a stay of discovery should be denied.

## II. Legal Standard for a Motion for Protective Order and Stay

Federal Rule of Civil Procedure 26(c)(1) states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." To show good cause for a protective order, "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1325-26 n. 3 (5th Cir. 1978). Where there is even a chance that a stay will prejudice one party, the proponent of the motion "bears the burden of showing 'a clear case of hardship or inequity.'" *Kostmayer Constr., LLC v. Impala Warehousing (U.S.) LLC*, NO. 12-2104 at 4 (E.D. La. 2012) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

When considering issues of discovery in the context of FLSA cases where conditional certification is pending, "the bottom line is that the district court has broad, litigation-management discretion...." *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 443 (5th Cir. 2021). In *Swales*, the Fifth Circuit made clear that the amount of discovery necessary in each case will vary. *Id.* at 441. The Court did not mandate, in any way, that a stay of all discovery was required. *Id.* "Indeed, a stay while dispositive motions are pending is the exception rather than the rule." *Bankers Ins. Co. v. Egenberg*, NO. 19-13129 at 6 (E.D. La. 2020).

### III. The Defendants have not met their burden to show "good cause" for why a protective order and stay of discovery is necessary.

Defendants argue that because the motion for conditional certification is pending, and because the Plaintiffs are attempting to *continue* to proceed with discovery in this matter, that "Defendants have no choice but to move for Protective Order, seeking to stay all further discovery until a *Swales* order has issued." R. Doc. 38-1 at 4. This argument does not meet the burden of "good cause" as it does not put forth a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" as to the necessity of a stay in all discovery. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1325-26 n. 3 (5th Cir. 1978).

While there is a pending motion with a threshold question of conditional certification, this alone does show good cause for this Court to issue a stay in discovery. *See Bankers Ins. Co. v. Egenberg,* 19-CV-13129 at 6 (E.D. La. 2020). The Fifth Circuit's decision in *Swales* has not resulted in a procedural landscape where a defendant can refuse to respond to discovery or dictate the frequency or necessity of discovery in a case. As argued by Plaintiffs in related pleadings, *Swales* does not *demand* that district courts force litigants into discovery motions and enter discovery orders in every single FLSA case. Rather, *Swales* instructs that the district court may use its discretion on a

3

case-by-case basis to ensure justice and fairness is maintained in such cases. *See Swales*, 985 F.3d at 443. Plaintiffs maintain that, because of the already-obtained and documented evidence discovered pertaining to Defendants' common policy and practice of FLSA violations across the board in deleting hours and misclassifying employees, Plaintiffs contend there is ample evidence for the Court to grant conditional certification at this stage. But this does not mean all discovery should cease. The Court may rule on the issue of conditional certification because there is sufficient evidence to the question of whether the putative class members are "similarly situated" without a discovery order, *and* discovery should continue to progress on the merits of the case.

Defendants' intentions to run the clock on putative class member claims could not be clearer. They have refused to consider tolling or stipulations on a class Notice, and instead have asked for a stay in all discovery, while at the same time seeking court intervention on their view of relevant discovery. Defendants' theory is couched in their view that the Fifth Circuit in *Swales* has now mandated that district courts must referee litigants as to how much and/or how little pre-litigation discovery *must be ordered* by a district court in *every* FLSA case. Even in cases like this one where the facts and issues are already evidenced and would now require merit and credibility findings.

Further, discovery should not be stayed in this matter because the Defendants have not specified how responding to the outstanding discovery requests or engaging in ESI searches will be overly burdensome or expensive. Discovery is well underway in this case and Defendants just now decided to move to stay the proceedings and interrupt responses that initiated months ago. In both their motion and in the Declaration of Susan Fahey Desmond (R. Doc. 38-2), Defendants fail to provide details of the cost and burden of continuing discovery and only outline the discovery requests they have already responded to. By Defendants' own admission, "relevant hard drives, email accounts and pay information have been preserved by a third-party e-discovery vendor," which shows that the information Plaintiffs requested should be readily available to produce. R. Doc. 38-1 at 4. The

Plaintiffs have not issued any requests for depositions or other requests since the request for an ESI search proposal. The Defendants conclusory statements—that continuing with discovery is expensive and burdensome—is insufficient for good cause.

**IV.      Both named Plaintiffs and putative class members will be prejudiced if discovery is stayed because the Defendants' request is not limited in scope and there is no equitable tolling agreement.**

Defendants argue that a stay in discovery "will not materially impede the progress of the case" (R. Doc. 38-1 at 6) and state "there is no need to rush," implying the Plaintiffs will not be prejudiced if this motion is granted. However, this is wholly false. First, the named Plaintiffs will clearly be prejudiced because the pending motion for conditional certification has no bearing on their claims. The motion is not dispositive to their claims, and there is no threshold issue to decide. The Defendants' request to stay discovery to all Plaintiffs is entirely unreasonable and not supported by good cause. Discovery is already well underway. Defendants have already responded to some of the named Plaintiffs' requests—although not sufficiently—so they have already organized their discovery production and responses. The fact that trial is set one year from now does not prevent prejudice to the Plaintiffs. Discovery in this matter may take many months and the named Plaintiffs will not be able to determine that until the Defendants continue to respond to discovery requests.

Second, the putative class members will continue to be prejudiced if the Defendants request for a protective order and stay is granted because there is no equitable tolling. Plaintiffs have repeatedly requested an equitable tolling agreement in this case and Defendants have rejected these efforts. Defendants took, however, three months to definitively say they would not agree to tolling. These actions have the result of running the clock on the FLSA rights of those individuals who have no knowledge of the violations they are victim of – rights that have been willfully deprived of through company policies and plans deleting evidence of said rights.

As required for equitable tolling, Plaintiffs have taken and attempted every single reasonable and diligent action they can think of to assert and protect the rights of Plaintiffs. And now Defendants want to further prejudice the rights of putative class members by staying discovery. The Defendants have not shown "a clear case of hardship or inequity" compared to the prejudice to the putative class members, thus this motion should be denied. *See Kostmayer Constr., LLC*, 12-CV-2104 at 4 (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

## V.     Conclusion

For the reasons stated above, this Court should deny Defendants' Motion for Protective Order.

Respectfully Submitted,

/s/ Caroline Gabriel_____
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(985) 441-9355
caroline.gabriel.ma@gmail.com
williammost@gmail.com

Kenneth C.Bordes (La. Bar No. 35668)
Kenneth C. Bordes, Attorney at Law, LLC
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com