c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMANTHA WILLIAMS, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:20-CV-01501 |
| VERSUS | |
| D'ARGENT FRANCHISING, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a "Motion for Conditional Certification and Equitable Tolling, or in the Alternative, Equitable Tolling" ("Motion for Conditional Certification") (Doc. 27) filed by Plaintiffs Samantha Williams ("Williams") and Dakota Fisher ("Fisher"), individually and on behalf of those similarly situated (collectively, "Plaintiffs").[1] Defendants[2] oppose. ECF No. 37.

Because it is premature at this stage to determine whether the putative plaintiffs are "similarly situated", and because conditional certification was explicitly rejected by the United States Court of Appeals for the Fifth Circuit in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), Williams's Motion

---

[1] A separate Plaintiff Wes Pigott ("Pigott") is not a party to this motion. The Complaint (ECF No. 1) alleges Pigott is not a representative or member of the proposed class but is suing for retaliation. *Id.* at 2.

[2] D'Argent Franchising, L.L.C. ("D'Argent Franchising"), D'Argent Construction, L.L.C. ("D'Argent Construction"), D'Argent Companies, L.L.C., ("D'Argent Companies") (collectively, "D'Argent"), Thomas Giallonardo, III ("Thomas"), and Justin Giallonardo ("Justin") (collectively, "Defendants").

1

for Conditional Certification (ECF No. 27) is DENIED subject to later reconsideration following pre-notice discovery.[3]

I. Background

Plaintiffs filed this putative collection action under 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated D'Argent employees ("Putative Class Members") against Defendants and XYZ Insurance Company for alleged violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1.

Williams worked for D'Argent Franchising. ECF No. 1 at 1. Fisher worked for D'Argent Construction. *Id.* at 2. Plaintiffs allege D'Argent operated as an integrated enterprise known as "D'Argent Companies," consisting of D'Argent Franchising, D'Argent Construction, and D'Argent Companies. *Id.* at 2-3.

Fisher and Williams assert that Thomas and Justin each are a manager, officer, director, and part owner of the D'Argent Companies. *Id.* They contend Thomas and Justin exercise operational control over significant aspects of Defendants' day-to-day functions. *Id.* Plaintiffs allege Thomas and Justin each are individually liable for any violation of the FLSA, and that they constitute "employer[s]" under the FLSA, 28 U.S.C. § 203(d). *Id.*

---

[3] Plaintiffs' do not caption the motion as including a "Motion to Expedite" and do not include any such request in their proposed order or prayer for relief. However, they include one statement in their brief that they seek "expedited consideration" on conditional certification and equitable tolling. ECF No. 27-1 at 1. To the extent Plaintiffs' request may be construed as a "Motion to Expedite" (ECF No. 27), Plaintiffs request is DENIED AS MOOT. The undersigned granted an extension (ECF No. 35) for briefing and response and took the pending motions under advisement at a motion hearing. ECF No. 45.

Plaintiffs contend D'Argent has a common policy and practice of not paying employees for any hours worked over 40 hours in one week. *Id.* at 4, 11. Plaintiffs claim D'Argent deleted hours worked over 40 per week at D'Argent Franchising's two franchises: Huddle House and CC's Coffee. *Id.* And Plaintiffs allege Fisher routinely worked more than 40 hours per week at D'Argent Construction without being paid overtime. *Id.* at 5.

Plaintiffs contend the Putative Class Members are all non-exempt employees who worked in excess of 40 hours per week, but were not fully compensated. *Id.* at 11. At the time of filing suit, Plaintiffs estimated there were approximately 30 Putative Class Members. *Id.* at 12.

Plaintiffs now move for conditional certification for the following class of putative Opt-in Plaintiffs:

> All employees who are or were employed by Defendants D'Argent Franchising, LLC, D'Argent Construction, LLC, or D'Argent Companies, LLC at any point from three years prior to the date of filing this complaint up to the present (November 21, 2017 to present), who have worked over 40 hours in at least one workweek from November 21, 2017 to present, and who were subject to the pay practices of D'Argent Franchising, D'Argent Construction, or D'Argent Companies, during that time.

ECF No. 27 at 2. In support, Plaintiffs submit the following: (1) Williams's Declaration (ECF No. 27-3); (2) Fisher's Declaration (ECF No. 27-4); (3) Former D'Argent Manager Richard Molina's Declaration (ECF No. 27-2); (4) Former D'Argent Manager Wes Pigott's Declaration (ECF No. 27-6); and (5) D'Argent's written policy (ECF No. 27-5).

Plaintiffs also seek equitable tolling of the statute of limitations on Putative Class Members' claims from the date Defendants' discovery was due on March 26, 2021 through a Court-approved notice period or a later date to be determined by the Court. *Id.* at 2.

Defendants oppose. ECF No. 37. In support, Defendants submit numerous Declarations as well as email correspondence. ECF Nos. 37-1 – 14.

I. <u>Law and Analysis</u>

    A. <u>Plaintiffs face "rigorous scrutiny" as to whether Plaintiffs and potential opt-in plaintiffs are sufficiently similar in certifying an FLSA collective action.</u>

The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.[4] Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U.S.C. § 216(b), gives employees the right to bring a private cause of action on their own behalf and on behalf of other employees similarly situated for specified violations of the FLSA. *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (U.S. 2013) (citing *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169–170 (1989)).

To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. *See* 29 U.S.C. § 216(b).[5] A district

---

[4] The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *See* 29 U.S.C. § 207(a)(1).

[5] Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U.S.C. § 216(b), provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

court has broad discretion in deciding whether to grant or deny certification and broad authority over notice in order to prevent the misuse of such actions. *Hoffman-La Roche, Inc.*, 493 U.S. at 170.

However, the FLSA does not provide a procedure for evaluating the viability of a collective action. Thus, district courts developed a two-stage certification process for FLSA collective actions – the "Lusardi approach" – named after the seminal case. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987). In stage one of the *Lusardi* approach, a plaintiff moves for conditional certification of his or her collective action. *Id.* at 436. A district court determines – usually based on the pleadings and affidavits of the parties – whether to provide notice to proposed fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action. *Id.* In stage two, after the close of discovery, either an employer moves to decertify or a court makes a final determination of certification of the collective action. *Id.*

Notably, on January 12, 2021, the Fifth Circuit established a new standard for certifying an FLSA collective action. *See Swales*, 985 F.3d 430. The Fifth Circuit explicitly eliminated conditional certification under 29 U.S.C. § 216(b). *Id.* at 442. It unanimously rejected the commonly used *Lusardi* two-step certification process, reasoning that *Lusardi* was not anchored in the text of the FLSA or in United States Supreme Court precedent." *Id.* at 438-41.

Instead, the Fifth Circuit instructs that that districts courts must: (1) "rigorously scrutinize" whether workers are similarly situated at the start of a case,

not after a lenient, step-one "conditional certification"; (2) identify, at the outset of litigation, the facts and legal considerations material to a determination of whether workers are similarly situated for purposes of answering merits questions collectively; (3) authorize preliminary discovery necessary to make the similarly situated determination; and (4) determine, based on all available evidence, whether and to whom the opt-in notice should be distributed. *Id.* at 435-441. The plaintiff bears the burden to demonstrate that potential opt-in plaintiffs are similarly situated such that certification is proper. *Id.* at 443 n.65.

### B. It is premature to determine at this stage whether a collective action could be established.

The district court in *Swales* was asked to certify a class of individual transporters under the FLSA who argued that they should be characterized as employees of KLLM, not independent contractors. *Swales*, 985 F.3d at 433. The district court instituted its version of the *Lusardi* certification analysis to grant class certification. *Id.* at 434.

The Fifth Circuit rejected *Lusardi* and instead reiterated that it is the district courts who have "broad, litigation-management discretion" in deciding whether to certify or decertify a class. *Id.* at 434, 443. The Fifth Circuit held that the district court must consider all evidence related to the merits of the independent contractor question to determine if the analysis could be applied class wide. *Id.* at 443. The Fifth Circuit now instructs district courts to determine whether assessing the propriety of class certification will begin a "highly individualized inquiry into each potential opt-

in's circumstances." *Id.* at 442. If so, certification may not be proper as the "collective action would quickly devolve into a cacophony of individual actions." *Id.*

Here, Williams seeks "conditional certification" under *Lusardi*, the basis of which *Swales* has explicitly rejected. Instead, the Fifth Circuit instructs district courts to identify whether merits questions can be answered in the collective for the proposed class. *Swales*, 985 F.3d at 442. The Fifth Circuit instructs that where Plaintiffs have demonstrably different work experiences, more discovery may be required to determine whether notice is going out to those "similarly situated." *Id.* For this court to identify the "facts and legal considerations" material to determining whether the Putative Class Members are "similarly situated," it is clear preliminary discovery is necessary. *Swales,* 985 F.3d at 442. The Court is now obligated to "rigorously scrutinize" the evidence bearing on the differences between the named plaintiffs and proposed opt-ins. Thus, it is premature to certify the Putative Class at this time.

### III. Order

Because it is premature under *Swales* and because "conditional certification" has been explicitly rejected by the Fifth Circuit;

**IT IS HEREBY ORDERED** that the Motion for Conditional Certification (Doc. 27) is **DENIED**.[6] The Court will entertain later reconsideration following limited pre-notice discovery and additional briefing.

---

[6] For the same reasons cited herein, Plaintiffs' Motion for Equitable Tolling (ECF No. 27) is also DENIED as unwarranted and premature at this time. Courts typically reserve equitable tolling for exceptional circumstances. *See Sandoz v. Cingular Wireless, L.L.C.*, 700 Fed.Appx. 317, 320-22 (5th Cir. 2017).

7

**IT IS FURTHER ORDERED** that within **14 days** of this Order, the parties shall meet and confer to discuss the scope of pre-notice discovery necessary to determine which Putative Class Members are sufficiently "similarly situated" to justify notice.[7]

**IT IS FURTHER ORDERED** that within **7 days** of the meet and confer, the parties shall submit a joint proposed discovery and deposition scheduling order for the purpose of answering whether named and potential opt-in plaintiffs are too divisive a group to be "similarly situated", along with a briefing scheduled to hear a contemplated second motion for class certification.[8] Thereafter, the Court will convene a status conference via video conference with the parties' counsel.

**IT IS FURTHER ORDERED** that, to the extent Defendants seek attorney's fees for Plaintiffs' filing the Motion for Conditional Certification, the Court finds attorney's fees are unwarranted at this time.

**IT IS FURTHER ORDERED** that, to the extent Plaintiffs' motion includes a request for expedited consideration, Plaintiffs' Motion to Expedite (ECF No. 27) is **DENIED AS MOOT**.

---

[7] For example, similarity among a group of putative plaintiffs can be shown through employees' job duties, classification, responsibilities, pay structure, work schedule, work policies and procedures, and management structure. *See e.g. Rogers v. 12291 CBW, LLC*, 2021 WL 1156629, at *2 (E.D. Tex. Mar. 15, 2021).

[8] No solicitation of prospective plaintiffs is to take place at the pre-notice discovery stage. *See Swales*, 985 F.3d at 436.

      THUS DONE AND SIGNED in Alexandria, Louisiana, on this  2nd  day of November 2021.

                                                        JOSEPH H.L. PEREZ-MONTES
                                                        UNITED STATES MAGISTRATE JUDGE