c

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SAMANTHA WILLIAMS,** *ET AL.*,<br>**Plaintiffs** | **CIVIL ACTION NO. 1:20-CV-01501** |
| **VERSUS** | |
| **D'ARGENT FRANCHISING,<br>L.L.C.,** *ET AL.*,<br>**Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

<u>**MEMORANDUM ORDER**</u>

Before the Court is a Motion for Leave to File Counterclaim and Third-Party Claims ("Motion for Leave") (ECF No. 46) filed by Defendants[1].  Defendants seek leave to amend their responsive pleading to add counterclaims against Plaintiffs Wes Pigott ("Pigott") and Dakota Fisher ("Fisher") and to add third-party claims against third-parties Richard Molina ("Molina"), Alyssa Setliff ("Setliff"), and Julienne Serrano ("Serrano").  ECF Nos. 48 at 1, 46-1 at 6. Plaintiffs Samantha Williams ("Williams") and Fisher, both individually and on behalf of those similarly situated, and Pigott (collectively, "Plaintiffs")[2] oppose.  ECF No. 48.

---

[1] D'Argent Franchising, L.L.C. ("D'Argent Franchising"), D'Argent Construction, L.L.C. ("D'Argent Construction"), D'Argent Companies, L.L.C., ("D'Argent Companies") (collectively, "D'Argent"), Thomas Giallonardo, III ("Thomas"), and Justin Giallonardo ("Justin") (collectively, "Defendants").

[2] The Complaint (ECF No. 1) alleges Pigott is not a representative or member of the proposed class but is suing for retaliation.  *Id.* at 2.

1

Defendants' Motion for Leave (ECF No. 46) is HEREBY GRANTED IN PART and DENIED IN PART.   Because Defendants' counterclaims of fraudulent misrepresentation, breach of obligation, and breach of duty of reasonable care against Pigott as they relate to timekeeping and payroll directly relate to Plaintiffs' wage claims, Defendants' Motion for Leave (ECF No. 46) to add counterclaims is GRANTED IN PART.   Otherwise, Defendants' remaining counterclaims for other tortious conduct[3] against Pigott and Fisher are futile under *Brennan*[4] and leave (ECF No. 46) to add counterclaims is DENIED IN PART.

Because the balance of factors does not support allowing impleader, Defendants' Motion for Leave (ECF No. 46) to add third parties Molina, Setliff, and Serrano and third-party claims is DENIED.

I.   Background

On November 21, 2020, Plaintiffs filed this putative collection action under 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated D'Argent employees ("Putative Class Members") against Defendants and XYZ Insurance Company for alleged violations of the Fair Labor Standards Act ("FLSA").   ECF No. 1.  Plaintiffs also assert state law claims of conversion and misappropriation, failure

---

[3] This includes Defendants' counterclaims against Pigott for tortious interference with business relationships; defamation, libel, and slander; defamation, libel, and slander *per se*; conversion; abuse of process; abuse of rights; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315.   ECF No. 46-2 at 17-27. And it includes the following counterclaims against Fisher:   defamation, libel, and slander; conversion; trespass to chattels; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315.   *Id.*

[4] *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir.1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

to pay wages in violation of the Louisiana Wage Payment Act, La. R.S. 23:621, *et seq.*, violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), and intentional spoliation. *Id.*

Plaintiffs allege that Defendants operated as an integrated enterprise called D'Argent Companies, which had a policy of not paying employees or not fully paying employees for any hours worked over forty per week.  *Id.*  Plaintiffs allege D'Argent managers were instructed to delete hours from timekeeping records to avoid paying overtime. *Id.*  Plaintiffs assert Pigott was retaliated against by reducing his wages when he opposed the policy.  *Id.*

On January 29, 2021, Defendants answered. ECF No. 4.  Plaintiffs moved to certify this matter as a collective action.  ECF No. 27.  On May 26, 2021, the Court granted a stay of discovery pending a ruling on certification.  ECF No. 45.

Defendants now seek leave to file counterclaims against Pigott and Fisher, and to file third-party claims against Molina, Setliff, and Serrano.  ECF No. 46-2. Defendants' proposed pleading alleges the Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the "[c]ounterclaims arose out of the same transaction or occurrences" as Plaintiffs' FLSA claims.  ECF No. 46-2 at 2.

Defendants allege that Pigott worked as the manager of Huddle House from November 10, 2018 to September 8, 2020.  *Id.* at 5. Molina worked as the manager of CC's Coffeehouse owned and operated by D'Argent Franchising from June 8, 2019 to September 8, 2020.  ECF Nos. 46-1 at 7, 46-2 at 5.  Defendants assert Pigott was terminated for insubordination, and Molina was transferred to work at the Huddle

3

House also owned and operated by D'Argent Franchising.  *Id.*  Defendants contend Molina then worked at Huddle House from September 8-23, 2020, when he was terminated for theft.  *Id.*

Defendants assert Serrano worked as a Business Development Assistant at D'Argent Construction from December 18, 2019 to February 21, 2020, when she resigned.  ECF Nos. 46-1 at 7, 46-2 at 6-7.  Setliff worked as a receptionist at D'Argent Construction from June 24, 2019 to July 1, 2020, when she resigned.  *Id.* Both separately filed EEOC charges against D'Argent Companies and each signed a confidential settlement agreement and release on November 11, 2020.  *Id.* Defendants contend Serrano and Setliff were represented by Plaintiffs' counsel during the negotiation of the settlement agreement.  *Id.*

Defendants propose adding the following counterclaims against Pigott: fraudulent misrepresentation; breach of obligation under La. Civ. Code art. 1779; tortious interference with business relationships; breach of duty of reasonable care; defamation, libel, and slander; defamation, libel, and slander *per se*; conversion; abuse of process; abuse of rights; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315.  ECF No. 46-2 at 17-27.  Defendants propose the following counterclaims against Fisher:  defamation, libel, and slander; conversion; trespass to chattels; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315. *Id.*

Defendants seek to add the following third-party claims against proposed third-party Defendant Molina:  fraudulent misrepresentation; breach of obligation under La. Civ. Code art. 1779; tortious interference with business relationships; breach of duty of reasonable care; defamation, libel, and slander; conversion; abuse of rights; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315. *Id.*  Defendants also seek to add breach of contract third-party claims against proposed third-party Defendants Setliff and Serrano.  *Id.* at 37.

Plaintiffs oppose.  ECF No. 48.  Plaintiffs submit their Initial Disclosures (ECF No. 48-1), along with email and letter correspondence with opposing counsel (ECF Nos. 48-2 – 48-5).  Plaintiffs contend Defendants' proposed counterclaims and third-party claims are untimely, in bad faith, and brought for a retaliatory and improper purpose.  ECF No. 48 at 2.  They assert all five persons against whom Defendants assert claims are listed in Plaintiffs' initial disclosures as witnesses, and that the claims are filed in retaliation.  *Id.*[5]

## II. <u>Law and Analysis</u>

### A. <u>A party may amend its pleading once within 21 days of service, but otherwise needs the opposing party's written consent or leave of court.</u>

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service

---

[5] All parties mix facts and arguments as to the proposed counterclaims and the proposed third-party claims requiring the Court to decipher or parse out the separate arguments and claims.

of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  A court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).

However, a district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted).

### B. Counterclaims acquired after service of a pleading may be permitted by supplemental pleading with leave of court.

"An amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13, Adv. Comm. Notes, 2009 Amendment; *see also Garcia v. Madison River Communications, LLC*, 2002 WL 1798774, at *3 (E.D. La. Aug. 5, 2002) ("Rule 13 should be read in conjunction with Rule 15[.]").  Under Rule 13, counterclaims are either compulsory or permissive.  *See* Fed. R. Civ. P. 13.  Generally, "a pleading must state as a counterclaim any claim that – at the time of service – the pleader has

6

against an opposing party, if the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A)–(B). Such claims are compulsory. *See id.* "If a party fails to bring a compulsory counterclaim in the original action, it is barred from asserting the claim in a later suit." *RPV, Ltd. as Trustee for Village Trust v. Netsphere, Inc.*, 771 Fed.Appx. 532, 534 (5th Cir. 2019).

"A counterclaim is compulsory if any of the following questions can be answered affirmatively:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same;
> (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;
> (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and
> (4) whether there is any logical relationship between the claim and the counterclaim."

*Id.* (citing *Park Club, Inc. v. Resolution Tr. Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (citation omitted)). A logical relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve[ ] as the basis of both claims[.]" *Id.* (quoting *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

However, a counterclaim that matured or was acquired by a party after serving an earlier pleading may, with the permission of a court, be presented by a supplemental pleading.  Fed. R. Civ. P. 13(e).  Thus, the decision to grant or deny a motion to serve a supplemental counterclaim acquired after filing an answer is within

a court's discretion. *IberiaBank v. Broussard*, 2015 WL 8785247, at *3 (W.D. La. Dec. 15, 2015).

Generally, a court still considers "whether the supplemental counterclaim arises out of the same transaction or occurrence or course of conduct that is the subject matter of the opposing party's claim." *Branch-Hines v. National Tea Co.*, 1990 WL 3139, at *1 (E.D. La. Jan. 9, 1990).[6]  "A close nexus between the original claim and the counterclaim may provide a compelling reason for permitting the defendant to assert his claims." *Id.*  And closely-related claims "should be permitted if they are interposed at any time prior to the trial stage." *Id.* (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1428, at 148–50 (1971)).

### C.  The Court grants in part Defendants' leave to allege the proposed related counterclaims against Pigott only.

Initially, Defendants argued they seek to add counterclaims against Pigott and Fisher under Rule 13(e) – permitting a supplemental pleading for counterclaims acquired after filing an answer.  ECF No. 46-1 at 16-17.  Defendants contend that the motion is timely as there is presently no deadline for filing motions to amend.  *Id.* at 20.  And they contend that it is filed "as soon as possible after acquiring the necessary facts."  *Id.*  According to Defendants, the proposed pleading will not result in undue

---

[6] "A counterclaim *acquired by the defendant after he has answered* will not be considered compulsory, even if it arises out of the same transaction as does the plaintiff's claim." *Wade T. Verges Const. Co. v. American Empire Surplus Lines Ins. Co.*, 2008 WL 11354981 at * 4 (E.D. La. Nov. 4, 2008) (quoting *Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir. 1985)) (emphasis added). Under Rule 15(d), "[o]n motion and reasonable notice, the court may on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." *IberiaBank v. Broussard*, 2015 WL 8785247, at *3 (W.D. La. Dec. 15, 2015) (quoting Fed. R. Civ. P. 15(d)).

delay, bad faith, or undue prejudice. *Id.* at 6. Defendants argue the parties have not engaged in discovery and that discovery is presently stayed. *Id.*[7]

Plaintiffs respond that the proposed claims are improper, futile, untimely, and brought in bad faith. ECF No. 48. They assert this action was filed more than eight months ago, and that nearly six months have passed since Defendants filed their Answer on January 29, 2021. *Id.* at 2. Plaintiffs contend that the counterclaims are brought against parties and witnesses in retaliation for this action. ECF No. 48 at 2, 4-5. And they assert the proposed counterclaims and third-party claims mostly address events that Defendants allege occurred before January 29, 2021. *Id.* at 3 (citing ECF No. 46-1 at 10-11). Plaintiffs contend the proposed allegations establish Defendants' awareness of some of the alleged events approximately ten months ago. *Id.* Plaintiffs argue they established through correspondence with Defendants that some of the allegations were false, but that Defendants maintained the proposed allegations. *Id.* at 4.

Defendants replied, this time asserting that the claims are compulsory under Fed. R. Civ. P. 13(a)(1). ECF No. 49 at 1. Defendants argue the facts alleged in their proposed claims arise out of the same aggregate operative facts alleged in Plaintiffs' Complaint and do not require adding a party over whom the Court does not have jurisdiction. *Id.* at n.4 (citing Fed. R. Civ. P. 13(a)(1)). They contend that, even if the

---

[7] Notably, Defendants do not address the application of Rule 13(e) or how the claims "matured or [were] acquired" after serving their Answer to necessitate the supplemental pleading. Defendants simply state the proposed motion is timely as no deadlines are in place. ECF No. 46-1 at 20.

Court deems the claims permissive, Defendants' motion should be granted in the interest of judicial economy. *Id.*

Defendants further respond that the proposed claims are timely under Rules 13 and 14. *Id.* Defendants' current counsel asserts they first appeared when filing Defendant's Answer on January 29, 2021. ECF Nos. 4, 49 at 2. They contend this motion was filed six months later after they analyzed available information and documents and prepared the proposed pleading without delay. ECF No. 49 at 2-3. Defendants argue this action involved early motion practice regarding discovery and record sealing beginning in March and continuing until the discovery was stayed on May 26, 2021. *Id.*

Defendants state the proposed pleading is proper, as not all of Defendants' claims were apparent from the outset of this case. *Id.* at 3. Defendants contend its "claims" against Fisher, Molina (third-party claim), and Pigott are not false and are not asserted by undue delay, bad faith, or retaliation. *Id.* at 4. They dispute Plaintiffs' assertions concerning the proposed factual allegations, instead arguing there is a difference of opinion which is not an indication of bad faith or improper purpose. *Id.* They argue Defendants' claims should be adjudicated with Plaintiffs' claims. *Id.*

Here, nothing in the briefs establishes how any of Defendants' proposed counterclaims "matured or [were] acquired" after filing their Answer on January 29, 2021. And the proposed counterclaims consist of incidents occurring prior to filing its Answer. Defendants ultimately admit the proposed counterclaims are compulsory and "arise out of the same aggregate operative facts" alleged in Plaintiffs' Complaint.

10

The Court agrees there is a common nexus among the counterclaims relating to wages and overtime. Rule 13(a) mandates that Defendants' compulsory counterclaims be stated in its responsive pleading to Plaintiffs' Complaint. *See Netsphere, Inc.*, 771 Fed.Appx. at 534. While this may serve as a bar in later actions, a defendant may move for leave to assert its counterclaim by amendment under Rule 15. *See Garcia*, 2002 WL 1798774, at *3; *see also Advocate Financial, LLC v. Schmidt*, 2010 WL 2867906, at *1 (E.D. La. Jul. 19, 2010); *O'Neal v. City of Hiram*, 2020 WL 10225825, at *1-2 (N.D. Ga. Nov. 30, 2020) (discussing leave to amend to add counterclaims).

Further, the Court finds no undue delay, as this matter is set for a jury trial in May of 2022, but no other deadlines have been established as discovery is presently stayed.  ECF Nos. 20, 45.  There is no clear evidence that Defendants' request is purely for the purpose of delay.  And any potential delay by allowing the counterclaims would not unduly prejudice the Plaintiffs as no discovery has taken place and no deadlines are in place. Additionally, Defendants' counterclaims relating to wages and overtime require resolution of facts involving overlapping evidence and testimony with the Plaintiffs' existing claims.  These factors weigh in favor of amendment.

The Court also cannot conclude Defendants acted in bad faith.  Plaintiffs point to Defendants' delay in asserting the claims, arguing it was only after they issued Initial Disclosures that Defendants asserted the claims.  They contend Defendants' allegations evidence their awareness of the facts forming the counterclaims which

they failed to assert with their Answer. ECF Nos. 4601 at 10-11, 48 at 3.  This is a closer issue – and a much more concerning one.  There are disputed facts regarding liability and Defendants' intentions and timing in asserting the counterclaims.  But there is little evidence of bad faith.  Thus, the Court cannot conclude bad faith exists at this juncture.[8]  But if, it becomes clear, at any point, that the claims were frivolous or acrimonious, consequences will follow.  And the Court will suffer no suggestion of intimidation or gamesmanship.

The Court is thus left to determine whether the proposed counterclaims are futile.  Rule 15's generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. J. P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013).  In determining futility, courts "apply the same standard of legal sufficiency as applies to Rule 12(b)(6)." *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

A claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted).  Factual allegations need not be detailed, but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

Plaintiffs argue Defendants' "[third-party] claims[] are futile and facially without basis."  ECF No. 48 at 5.  Plaintiffs argue the motion should be denied

---

[8] To the extent Plaintiffs intended to argue the counterclaims are futile because they are "false", the Court is unable to make that determination for these same reasons.

12

because of "retaliatory purpose," asserting that the proposed counterclaims "constitute actionable retaliation." *Id.* Plaintiffs do not otherwise address the alleged futility of Defendants' counterclaims. But it is not clear at this stage that Defendants cannot assert any set of facts that would support their counterclaims that such amendment would be futile.

> The United States Court of Appeals for the Fifth Circuit notes that:

> Generally speaking, courts have been hesitant to permit an employer to file counterclaims[1] in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused. *See Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir.1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); *see also Donovan v. *741 Pointon,* 717 F.2d 1320, 1323 (10th Cir.1983) ("[T]he purpose of the present action is to bring Pointon into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. Pointon is free to sue his employees in state court ....").

*Martin v. PepsiAmericas, Inc.,* 628 F.3d 738, 740–41 (5th Cir. 2010) (discussing the *Brennan* bright-line rule that "set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions" but acknowledging an exception where "the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee."); *see also Carnley v. Muggle Towing, LLC*, 6:20-CV-225-JDK, 2021 WL 710737, at *4 (E.D. Tex. Feb. 1, 2021), *report and recommendation adopted*, 6:20-CV-00225-JDK, 2021 WL 693898 (E.D. Tex. Feb. 23, 2021).

The United States Court of Appeals for the Eleventh Circuit held *Brennan*'s bright-line rule would be inapplicable in the event Defendants can establish Plaintiffs

are exempt from the FLSA's coverage and therefore cannot recover anything under the FLSA. *See Billingsley v. Emmons*, 2021 WL 3493625, at *1-2 (M.D. Fla. Aug. 9, 2021) (citing *Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1274 (11th Cir. 2016)); *see also Rodriguez v. Horizontal Rentals, Inc.*, 2018 WL 7348031, at *2 (W.D. Tex. May 9, 2018) (citing *Pioch*, 825 F.3d at 1274-75). However, the Fifth Circuit has not adopted the Eleventh Circuit's holding in *Pioch*. *Rodriguez*, 2018 WL 7348031, at 2.

Nevertheless, at this stage, and because the undersigned is unable to determine the viability of the related counterclaims on the present record, Defendants' motion (ECF No. 46) is GRANTED IN PART as to counterclaims of fraudulent misrepresentation, breach of obligation, and breach of duty of reasonable care against Pigott, as they relate to timekeeping and payroll and are directed related to Plaintiffs' wage claims.[9] Otherwise, Defendants' remaining counterclaims for other alleged tortious conduct are futile under *Brennan*, and leave (ECF No. 46) is DENIED IN PART. *See Poole v. Dhiru Hosp., LLC*, SA-18-CV-636-XR, 2019 WL 3845454, at *10 (W.D. Tex. Aug. 15, 2019) (discussing cases routinely dismissing counterclaims that do not directly relate to wage claims).

### D. Third-party complaints must be asserted within 14 days of filing the answer; otherwise leave of court must be obtained.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Generally, a defendant may implead a third party

---

[9] However, this finding is subject to a future determination of the merits of Plaintiffs' FLSA claims and FLSA coverage.

without leave of court within fourteen days after serving its main answer.  Fed. R. Civ. P. 14(a)(1).  "[O]therwise, leave of court must be obtained. District Courts have 'wide discretion' to determine if leave of court should, or should not, be granted." *Scarborough v. Integricert, LLC*, 2016 WL 8261711, at *1 (W.D. La. June 28, 2016) (citing *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984)); *see also* Fed. R. Civ. P. 14(a)(1).

Here, Defendants filed their Answer (ECF No. 4) on January 29, 2021.  On July 2, 2021 – nearly six months later – Defendants sought leave to file third-party claims. ECF No. 46.  Therefore, leave of court is required under Fed. R. Civ. P. 14(a)(1).

E.   <u>The balance of factors does not support allowing Defendants' third-party claims.</u>

Defendants assert that joinder of the proposed third parties Molina, Setliff, and Serrano will not result in the introduction of unrelated issues. ECF No. 46-1 at 18.  They broadly argue that the proposed claims against Molina are foundational to the Plaintiffs' FLSA claims and that evidence crucial to their claims against Molina will be among the evidence the Court will weigh to resolve existing claims and defenses.  *Id.*  They further argue joinder of Serrano and Setliff will not unduly complicate the case, as resolution of the claims requires the Court to review confidential information already included in the Complaint.  *Id.* at 19. Defendants argue the proposed third parties' liability arises from the same facts and evidence at issue here and their joinder allows resolution of all claims in a single action.  *Id.*

Defendants further contend that the Court's review of their claims regarding Molina's alleged payroll fraud will be necessary to evaluate Plaintiffs' claims.  *Id.*

15

Defendants assert joinder will not prejudice Plaintiffs as the third parties' liability is derivative of Defendants and will not require significant additional discovery. *Id.* at 20. And they contend joinder will not delay this matter's resolution due to a stay in discovery and the early stage of this litigation. *Id.*

Plaintiffs argue that Defendants' proposed third-party claims are futile or in bad faith. ECF No. 48 at 5. Plaintiffs argue Defendants discuss the Setliff and Serrano settlement agreement extensively in their non-sealed pleadings (ECF Nos. 46-1, 46-2), waiving any confidentiality to the agreement. *Id.* at 5, n.1. Plaintiffs' counsel contends he provided an advance copy of the Complaint in which Defendants expressed no confidentiality concerns. *Id.* at 6.[10] And Plaintiffs argue that the Pigott declaration contains information about Setliff attributed to Justin only and related to employment violations at issue here. *Id.*

However, the declaration does not attribute any information to Setliff or Serrano disclosed after they signed the confidentiality agreement. *Id.* at 7. Plaintiffs contend Defendants seek to sue Setliff and Serrano "for the speech of other individuals" not subject to the confidentiality agreement. *Id.*

Defendants dispute Plaintiffs' assertion that the proposed claims constitute retaliation against Plaintiffs' witnesses. ECF No. 49 at 4-5. Defendants contend their breach of contract claims against Serrano and Setliff are not futile. Defendants' current counsel argues that the agreed upon press release was revised and negotiated with Defendants' former counsel and with respect to the related Title VII case. *Id.* at

---

[10] Defendants were represented by different counsel at that time.

16

6-7.  Defendants contend that the breach occurred at the inclusion of documents signed by Serrano and Setliff in Plaintiffs' Motion for Conditional Certification.  *Id.* at 7.[11]

Defendants also state that Plaintiffs included Pigott's declaration which described Setliff's EEOC charge, lawsuit, and alleged treatment by Justin.  *Id.* at 7. It also described Justin's alleged conduct toward Serrano.  *Id.* Defendants argue this is in "direct contravention of their settlement agreements, which contain provisions prohibiting [Setliff and Serrano] from indirectly sharing matters related to the settlement of their claims or encouraging or inciting other current or former employees to initiate legal proceedings."  *Id.* Defendants seek to hold Setliff and Serrano liable for publication through their agent (also Plaintiffs' Counsel) of the confidential information protected from disclosure by the agreement. ECF No. 46-2 at 28.

Here, however, Defendants' proposed third-party claims do not indicate the proposed third-parties Molina, Setliff, and Serrano may be liable to them as third-party plaintiffs for all or part of Plaintiffs' claims.  Instead, Defendants' proposed pleading seeks relief only as it relates to their counterclaims.  Specifically, they seek relief "[f]or indemnity by Counterclaim-Defendants in favor of Counterclaimants for any liability incurred by Counterclaimants due to Counterclaim-Defendants' unlawful conduct[.]" ECF No. 46-2 at 29.

---

[11] The documents referenced are a Temporary Employment Acknowledgment (ECF No. 27-5 at 23) and a Confidential Data Agreement (ECF No. 27-5 at 24), signed by Serrano and witnessed by Setliff.  Notably, no details of Setliff's or Serrano's experiences are contained in those documents.

In exercising its wide discretion to grant leave to implead a third party, a court considers several factors, including the following: (1) prejudice placed on the other parties; (2) undue delay by the party asserting the third-party complaint; (3) lack of substance to the third-party claim; (4) whether the third-party demand will advance the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues); and (5) whether the action will become unduly complex by permitting the third-party demand. *Scarborough*, 2016 WL 8261711, at *1 (citing *Marquette v. Southern Fidelity Ins. Co.*, 2015 WL 5083617, *1 (E.D. La. 2015) (citation omitted); *Cedar Ridge, LLC v. Landmark American Ins. Co.*, 2013 WL 4854388, *2 (E.D. La. 2013)).

Defendants filed this motion nearly three months after Plaintiffs allegedly included confidential information and documents in their certification motion and nearly six months after filing their Answer.  ECF Nos. 4, 27.  Yet, under the factors, there appears to be no clear evidence of undue delay as no discovery or trial schedule is pending.  ECF Nos. 20, 45.  This factor bears in favor of allowing the third-party complaint.

However, even absent delay, allowing impleader may unduly complicate the proceedings and be unduly prejudicial to Plaintiffs.  And it does not appear that Defendants' third-party claims will advance the purposes of Rule 14.  Defendants seek to implead third parties Molina, Setliff, and Serrano based on Defendants' proposed counterclaims.  ECF No. 46-1 at 18- 21.

"Rule 14(a) . . . requires that a third-party defendant be liable to the defendants based on the plaintiff's complaint against the defendants, not on the defendants'

counterclaims against the plaintiff," no matter how factually related the third-party claim and counterclaim may be. *MWS, Inc. v. Knight Tech. Servs., Inc.*, 2012 WL 3435043, at *5 (M.D. Ala. Aug. 14, 2012) (quoting *Cont'l Ins. Co. v. McKain,* No. 91–2004, 1992 WL 7030, at *3 (E.D.Pa. Jan.10, 1992)); *see also Sunrise Development, Inc. v. Carl E. Woodwad, Inc.*, 2004 WL 574719, at *2 (E.D. La. Mar. 22, 2004) (quoting *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975) ("Impleader is proper 'only when the third-party defendant's potential liability is dependent upon the outcome of the main claim.'"). In other words, Rule 14(a) "exists to bring in third parties who are derivatively liable to the impleading party." *Hassan v. La. Dep't of Transp. & Dev.*, 190 F.3d 538 (5th Cir. 1999) (per curiam); *see also Martco Ltd. Partnership. v. Bruks-Klockner*, 430 Fed.App'x 332, 334 (5th Cir. 2011) ("The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.").

Defendants fail to establish the third-party claims against Molina, Setliff, and Serrano are permissible under Rule 14(a). Although the claims relate to overlapping general sets of facts concerning wages and sexual harassment, the proposed third-party claims do not appear dependent on the outcome of the main claim. Defendants' breach of contract claims against Setliff and Serrano are not derivative of Defendants' liability, as they require interpretation of the terms of the settlement agreement between Defendants and Setliff and Serrano. In other words, the outcome of Plaintiffs' FLSA claims does not determine Setliff or Serrano's liability to Defendants

and the outcome of Plaintiffs' FLSA claims does not rely on the interpretation, validity, or breach of the settlement agreement.   Otherwise, Defendants fail to establish Setliff or Serrano are liable for all or part of Defendants' liability to Plaintiffs.  *See* Fed. R. Civ. P. 14(a)(1); *see also Barrois v. Fireman's Fund Ins. Co.*, 2010 WL 908739, at *2 (E.D. La. Mar. 9, 2010) ("Liability of the third party must be 'dependent' or 'in some way derivative' of the outcome of the main claim.").  Therefore, the Court is not inclined to authorize third-party claims against Setliff or Serrano under Rule 14.

As to Defendants' third-party claims against Molina, his addition will certainly prejudice Plaintiffs as it will prolong litigation and complicate litigation.  There is no discovery deadline, and discovery is presently stayed leaving ample time for the parties to conduct discovery.  And prejudice may be weighed against the potential risk of a party being forced to litigate separate suits, thereby increasing expenses or legal costs, in the event the third-party is not impleaded in the action. *Cedar Ridge*, 2014 WL 68792, at *4.

Clearly, resolution of the facts of Defendants' third-party claims against Molina involves overlapping evidence and testimony with the Plaintiffs' existing FLSA claims.   However, the Fifth Circuit has stated:

> In addition to ignoring basic agency principles, this argument ignores our holding that an employer remains liable for FLSA violations when the violations were a result of decisions by a lower-level employee even under the higher standard for awarding liquidated damages. *See, e.g., LeCompte v. Chrysler Credit Corp.,* 780 F.2d 1260, 1263 (5th Cir.1986) (defendant's "attempt to thwart liability based on its asserted ignorance of [lower-level employees'] abuses is legally unavailing").

*Solis v. Hooglands Nursery, L.L.C.*, 372 Fed.Appx. 528, 529 (5th Cir. 2010).

In *LeCompte*, the Fifth Circuit acknowledged that supervisory personnel were partially at fault for the violation that resulted. Nonetheless, the court held that an indemnity claim against such personnel under the FLSA would be inappropriate as it would frustrate Congress' purpose in enacting the FLSA. *Id.* at 1264.  The Fifth Circuit held that state indemnity actions against supervisory personnel by employers who have been sued for FLSA violations are preempted by the Supremacy Clause. *Id.*  An employer cannot shift liability to employees while in managerial positions for alleged FLSA overtime violations "solely by suggesting that lower-level employees are responsible for the violations."  *See DeArmond v. All. Energy Servs., LLC*, 2017 WL 5891264, at *4 (E.D. La. Nov. 29, 2017) (quoting *LeCompte*, 780 F.2d at 1263)). Thus, Defendants' third-party claims against Molina do not comport with Rule 14.

### III.   Conclusion and Order

Because Defendants' counterclaims of fraudulent misrepresentation, breach of obligation, and breach of duty of reasonable care against Pigott as they relate to timekeeping and payroll directly relate to Plaintiffs' wage claims, Defendants' Motion for Leave (ECF No. 46) to add counterclaims is HEREBY GRANTED IN PART. Otherwise, Defendants' remaining counterclaims for other tortious conduct[12] against

---

[12] This includes Defendants' counterclaims against Pigott for tortious interference with business relationships; defamation, libel, and slander; defamation, libel, and slander *per se*; conversion; abuse of process; abuse of rights; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315.  ECF No. 46-2 at 17-27. And it includes the following counterclaims against Fisher:  defamation, libel, and slander; conversion; trespass to chattels; enrichment without cause under La. Civ. Code art. 2298; and general intentional tort under La. Civ. Code art. 2315.  *Id.*

Pigott and Fisher are futile under *Brennan* and leave (ECF No. 46) to add counterclaims is DENIED IN PART.  Defendants are instructed to file within 14 days their amended counterclaims in compliance with this ruling.

Because the balance of factors does not support allowing impleader, Defendants' Motion for Leave (ECF No. 46) to add third parties Molina, Setliff, and Serrano and third-party claims is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this ___9th___ day of November 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE