**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

SAMANTHA WILLIAMS,                                    NO. 20-cv-1501
DAKOTA FISHER, individually
and on behalf of those similarly                      JUDGE DAVID C. JOSEPH
Situated, and WES PIGOTT                              MAG. JOSEPH H.L. PEREZ-MONTES

VERSUS

D'ARGENT FRANCHISING, LLC,
D'ARGENT CONSTRUCTION, LLC,
THOMAS GIALLONARDO, III,                              Putative Collective Action
JUSTIN GIALLONARDO, and                               Pursuant to 29 U.S.C. § 216(b)
XYZ INSURANCE CO.

---

**PROPOSED INITIAL DISCOVERY PLAN**

---

**COME NOW** Defendants D'ARGENT FRANCHISING, LLC, D'ARGENT

CONSTRUCTION, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and

XYZ INSURANCE CO., and Plaintiffs, SAMANTHA WILLIAMS and DAKOTA FISHER,

individually and on behalf of those similarly Situated, and WES PIGOTT, to hereby submit their

Proposed Initial Discovery Plan to assess the FLSA collective action certification questions raised

by Plaintiffs:

**A.     SCHEDULE AND PROCEDURES**

In accordance with the Court's Order, Rec. Doc. 50 and the Parties' agreement, initial

discovery will be conducted pursuant to the following schedule and practices:

1.      All below initial discovery is limited to concerns regarding certification of the

collective and will be bound by the limitations set forth by the Court regarding the scope of initial

discovery.

2.      The Parties are limited to fifteen (15) Interrogatories, ten (10) Requests for

Admission, and twenty-five (25) Requests for Production of Documents to each party during the

preliminary phase. The Interrogatories issued in the preliminary phase shall not count toward the

limit of twenty-five (25) Interrogatories set forth in the Federal Rules, which will be relevant to

the merits phase of discovery to be conducted after this initial phase. Any documents withheld from discovery on grounds of privilege must be accompanied by a privilege log as usual under the Federal Rules.

3.      The Parties shall exchange preliminary discovery requests within seven (7) days of the issuance of this Order, and the Parties shall have twenty-one (21) days to serve responses to the discovery request after service of same. So long as the Parties are endeavoring to timely respond, extensions of time shall be freely given between the Parties, particularly with regards to voluminous discovery.

4.      Each Party may take one deposition. The Parties will meet and confer as soon as practicable, but no later than twenty-one (21) days after this Order is issued, to schedule depositions within a sixty (60) day period of this Order. As long as the Parties endeavor to schedule depositions within the 60-day window, an extension of that time frame shall be freely given on consent of the Parties to accommodate the schedules of the deponents and counsel. Opposed extensions will require good cause. Any individual who is deposed pursuant to this plan may be later re-noticed for deposition concerning the merits issues of the matter.

**B.      SCOPE**

In accordance with the Parties' agreement, and accepted and Ordered by this Court, the scope of preliminary discovery will be limited to the following categories, with the aim of determining which Putative Class Members, if any, are sufficiently "similarly situated" to justify notice:

1. Job duties;

2. Employee classifications (both exempt and non-exempt);

3. Facilities;

4. Pay and payroll structure;

5. Work schedules;

6. Work policies and procedures;

7. Management structure;

8. Hiring structure;

9. Work/Employment contracts;

10. Ownership and management of individual Defendant entities; and

11. Agreements, releases and/or waivers that may preclude any putative collective member's participation in a collective action.

Accordingly,

IT IS ORDERED that the deadline to complete all pre-notice discovery, as set forth in this Order, shall be March 11 2022.

IT IS FURTHER ORDERED that a motion for collective action certification, if any, must be filed by Plaintiffs by April 14 2022. Following a ruling on Plaintiffs' motion for certification, the Court will schedule a status conference to enter a revised scheduling order to govern the remaining deadlines in this case.

THUS DONE in Chambers on this 12th day of January, 2022.

UNITED STATES MAGISTRATE JUDGE
JOSEPH H. L. PEREZ-MONTES

Respectfully submitted,

/s/Susan Fahey Desmond

Susan Fahey Desmond, Bar No. 25380
Rachel T. Gulotta, Bar No. 37706
JACKSON LEWIS P.C.
650 Poydras Street, Suite 1900
New Orleans, Louisiana  70130
Telephone:     (504) 208-1755
Facsimile:      (504) 208-1759
susan.desmond@jacksonlewis.com
rachel.gulotta@jacksonlewis.com

**COUNSEL FOR DEFENDANTS**

/s/Kenneth C. Bordes

Kenneth C. Bordes, Bar No. 35668
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
4224 Canal Street
New Orleans, LA 70119
Telephone: (504) 588-2700
Fax: (504) 708-1717
kcb@kennethbordes.com

Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
MOST & ASSOCIATES, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
Telephone: (985) 441-9355
caroline.gabriel.ma@gmail.com
williammost@gmail.com
**COUNSEL FOR PLAINTIFFS**