UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA WILLIAMS and DAKOTA FISHER, individually and on behalf of all others similarly situated, and WES PIGOTT,<br><br>    Plaintiffs,<br><br>v.<br><br>D'ARGENT FRANCHISING, LLC, D'ARGENT CONSTRUCTION, LLC, D'ARGENT COMPANIES, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and XYZ INSURANCE COMPANY<br><br>    Defendants. | DOCKET NO.: 1:20-cv-01501<br><br>JUDGE DAVID C. JOSEPH<br><br>MAGISTRATE JOESPH H. L. PEREZ-MONTES |

**D'ARGENT FRANCHISING, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

**MAY IT PLEASE THE COURT:**

Defendants, D'Argent Franchising, LLC, D'Argent Construction, LLC, D'Argent Companies, LLC, Thomas Giallonardo, III, Justin Giallonardo (collectively, "Defendants"), respectfully submit the following response to Plaintiffs' Motion for Equitable Tolling. For the reasons set forth below, there is no basis in the controlling legal precedent under the facts of this case to support this motion. Therefore, it should be denied.

## I.    ARGUMENT AND AUTHORITIES

**A.    Equitable tolling is improper except in "extraordinary circumstances."**

In Plaintiffs' Motion for Equitable Tolling ("Plaintiffs' Motion"), Plaintiffs improperly (and incorrectly) ask this Court to toll the statute of limitations for all potential future plaintiffs. Under all relevant authority, Plaintiffs are not entitled to equitable tolling. A litigant is only entitled to equitable tolling if (1) he has been pursuing his rights diligently, and (2) some "extraordinary circumstances stood in his way and prevented timely filing." *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 755 (2016). These two prongs are necessary elements, "not merely factors." *Id*. at 755-56. "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id*. at 756 (emphasis in original).

The Fifth Circuit has adopted this standard in FLSA collective action matters, holding that equitable tolling is a "narrow exception . . . that should be 'applied sparingly.'" *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (quoting *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011)). Plaintiffs, as the party invoking equitable tolling, "bear[] the burden of proof." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). "This is a heavy burden, as 'it is well established that equitable tolling must be strictly construed.'" *Bingham v.

2

*Jefferson Cty.*, 2011 U.S. Dist. LEXIS 159250, at *9 (E.D. Tex. 2011) (citing *Lange v. United States*, 79 Fed. Cl. 628, 632 (2007)).

Plaintiffs argue that the Fifth Circuit's holding in *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 434 (5th Cir. 2021) somehow creates procedural delays that necessitate equitable tolling because a defendant could "use *Swales* as a procedural delay tool to prejudice the rights of unknowing class members." Dkt. 93-1 at p. 4.  Notably, the *Swales* court did not address tolling implications in its opinion, but district courts within the Fifth Circuit have analyzed similar arguments.

The United States District Court for the Eastern District of Louisiana in *Hamm v. Acadia Healthcare Co.*, 2022 U.S. Dist. LEXIS 123519 (E.D. La. July 13, 2022) analyzed a similar argument.  The plaintiff in *Hamm* argued that equitable tolling was justified because of the "extraordinary circumstances" attendant to the various delays attached to the litigation of the claim, including delays related to the motion to dismiss on jurisdictional grounds, the continuations of the preliminary conferences, the amendment of the complaint, and the delays associated with the process according to *Swales*.  *Hamm,* 2022 U.S. Dist. Lexis 123510 at *13.  However, the Court held that these delays did "not present extraordinary circumstances justifying equitable tolling." *Id.* at *13-14.

Similarly, in *Wallace v. Cantex Continuing CARE Network LLC*, 2023 U.S. Dist. LEXIS 826, *16-18 (W.D. Tex. Jan. 4, 2023) the plaintiffs argued that they would have met their statutory deadlines but for delays in the defendant's production of documents and witnesses for deposition. *Wallace*, 2023 U.S. Dist. LEXIS 826 at *17.  The Court held that the defendant's delays in that matter constituted "common disagreements that arise in the scope of the exchange of discovery and the meet-and-confer process to resolve them," and that these delays did "not constitute an

extraordinary circumstance" which precluded plaintiffs from meeting their statutory deadlines. *Id.* at *18.

Plaintiffs cite *Gomez v. Glob. Precision Sys., LLC*, 2022 U.S. Dist. LEXIS 191403 (W.D. Tex. Oct. 20, 2022) in support of their argument, but this case is inapposite. In *Gomez* the already-identified potential opt-in plaintiffs went to extreme steps to show diligence that the plaintiffs in the instant case have not taken. Those plaintiffs demonstrated extraordinary circumstance, and as the *Gomez* court explained there is a difference between equitably tolling the statute of limitations for yet-to-be-identified plaintiffs versus already-identified opt-in plaintiffs who are still within their rights to file individual suits. *Gomez*, 2022 U.S. Dist. LEXIS 191403 at *26.

As is clear from both pre- and post-*Swales* cases, Plaintiffs in the instant case cannot meet their burden of demonstrating extraordinary circumstances. Plaintiffs failed to identify any circumstances, let alone "extraordinary circumstances," to justify equitable tolling in this matter, as discussed more fully below. Accordingly, the Court should deny Plaintiffs' Motion.

**B.      Defendants have engaged in no dilatory conduct in this proceeding.**

Plaintiffs mistakenly argue that Defendants' refusal to stipulate to a tolling agreement is somehow relevant to this Court's analysis. Defendants were under no compulsion to enter into such an agreement, and by Plaintiffs' own admission Defendants have been consistent in their refusal to stipulate to a tolling agreement throughout this matter since February 2021. Dkt. 93-1 at pp. 1-2, 9.

Plaintiffs also argue that Defendants' conduct in discovery has prejudiced Plaintiffs. As the *Wallace* court held (citation *supra*), common discovery disputes do not constitute an "extraordinary circumstance" and this argument is ill founded.

4

### C.  Equitable tolling is not available during the period that a court considers Plaintiffs' motions.

Plaintiffs also incorrectly argue that this Court's delay in ruling on its Motion to Certify a Collective Action and Motion to Compel constitute "extraordinary circumstances" warranting equitable tolling. *See* Dkt. 39-1 at 9. Numerous courts have rejected just this argument, including the Fifth Circuit.

Equitable tolling is not appropriate where "[n]othing prevented the Opt-In Plaintiffs from discovering their claims and initiating a suit." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 321 (5th Cir. 2017). "Equitable tolling . . . focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented timely filing *in a specific suit*." *Id*. Where "an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, [the Court] will not transform routine litigation into an extraordinary circumstance." *Id*.

"In the FLSA, Congress did not provide for tolling during the period that a court considers whether to certify a case as a collective action." *Quintanilla v. A & R Demolition, Inc*., 2006 U.S. Dist. LEXIS 39198, at *10 (S.D. Tex. 2006). "Protracted litigation and opposition to certification and notice do not constitute external obstacles" and "[r]outine litigation is not an extraordinary circumstance." *Robinson v. RWLS, LLC*, 2017 U.S. Dist. LEXIS 66342, at *4 (W.D. Tex. 2017). Without an external force (other than the time it takes the court to rule on a motion) preventing a potential plaintiff from discovering his or her claims, equitable tolling is not appropriate.

In this matter, no external force prevents additional opt-in plaintiffs from discovering claims and joining the suit. To the contrary, at least three separate employees—the three Plaintiffs—apparently discovered their claims and brought this lawsuit, without need of any equitable tolling. Plaintiffs have not addressed why—if they were able to discover their claims and

other employees are aware they may as well—the Court must extend the statute of limitations when additional opt-in plaintiffs can bring suit (or join this suit) at any time.

**D.     Plaintiffs' own conduct caused considerable delay in this matter.**

The Fifth Circuit released its holding in *Swales* in January 2021, yet Plaintiffs sought conditional certification rather than acknowledging Fifth Circuit precedent expressly rejecting "conditional certification." Dkt. 27. This action by Plaintiffs forced Defendants to engage in unnecessary motion practice which delayed the progress of this action for almost seven months. *See* Dkt. 50, this Court's Order denying Plaintiffs' Motion for Conditional Certification, dated November 2, 2021. This action demonstrates that Plaintiffs have failed to show diligence in prudently pursuing their claims.

**E.     Plaintiffs' equitable tolling argument must be denied because it is speculative and would affect only hypothetical future plaintiffs.**

Plaintiffs' argument is merely speculative at this point and should be denied. Plaintiffs refer only to hypothetical future plaintiffs—none of whom they can identify. The Court cannot verify whether these hypothetical future plaintiffs have diligently pursued their rights, as required. As such, the Court must reject Plaintiffs' Motion. *Biggio v. H20 Hair Inc*., 2016 U.S. Dist. LEXIS 33166, at *13-14 (E.D. La. 2016) ("Here, Plaintiffs have not demonstrated that any putative class members are unable to assert claims due to the limitations period. Their argument for equitable tolling is wholly contingent on future events that may never occur. Accordingly, this Court finds that the question of equitable tolling is not ripe for adjudication at this time.").

## II. CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiffs' Motion be denied in full.

        Respectfully submitted,

        */s/ Susan Fahey Desmond*
        Susan Fahey Desmond (Bar # 25380)
        Susan.Desmond@jacksonlewis.com
        Katelyn W. Harrell (Bar # 35164)
        Katelyn.Harrell@jacksonlewis.com
        **JACKSON LEWIS P.C.**
        601 Poydras Street, Suite 1400
        New Orleans, Louisiana  70130
        Telephone:     (504) 208-1755
        Facsimile:      (504) 208-1759

        **COUNSEL FOR DEFENDANTS**
        **D'ARGENT FRANCHISING, LLC,**
        **D'ARGENT CONSTRUCTION, LLC,**
        **D'ARGENT COMPANIES, LLC,**
        **THOMAS GIALLONARDO, III, AND**
        **JUSTIN GIALLONARDO**