UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SAMANTHA WILLIAMS,                         CIVIL ACTION: 20-cv-1501
DAKOTA FISHER, individually
And on behalf of those similarly           HON. DAVID C. JOSEPH
Situated, and WES PIGOTT,                  MAG. JOSEPH H.L. PEREZ-MONTES

VERSUS

D'ARGENT FRANCHISING, LLC,                 JURY TRIAL DEMANDED
D'ARGENT CONSTRUCTION, LLC,
THOMAS GIALLONARDO, III,                   Putative Collective Action
JUSTIN GIALLONARDO, and                    Pursuant to 29 U.S.C. § 216(b)
XYZ INSURANCE CO.

## MEMORANDUM IN SUPPORT OF MOTION TO ESTABLISH AND EFFECTUATE NOTICE

On April 24, 2023, this Court granted Plaintiffs' Motion to Certify Collective Action and ordered the parties to jointly file a proposed notice for the Court to consider. (R. Doc. 103). The parties filed their proposed joint notice on May 1, 2023. (R. Doc. 104). Plaintiffs also filed an Unopposed Motion to Approve Proposed Notice on May 19, 2023 (R. Doc. 106). Plaintiffs sought Defendants' consent in this motion as well, but Defendants have not yet responded with their position. In order to facilitate notice of this collective action, the Plaintiffs now request an order from the Court outlining approved procedures for facilitating notice to the Putative Class, and represent as follows:

### I.       Proposed Procedure

Now that the collective action is certified, the Court should authorize "timely, accurate, and informative" notice to potential Plaintiffs so that they may choose whether to exercise their right to opt into this action.[1]  This Court has "broad discretion" regarding the form and manner of

---

[1] *Hoffmann—La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

the Court-authorized notice given to potential members of the collective.[2]  Plaintiff requests that notice be sent via regular mail, text message, and e-mail; and order that Defendants post a notice of this lawsuit in a conspicuous location at each facility and location for the duration of this action. Providing notice to potential opt-ins via multiple methods "furthers the FLSA's broad remedial goal because the FLSA's limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly."[3]

### A.  The Notice Form has already been agreed to by the Parties

The parties have exchanged drafts and agreed on the proposed form of notice and filed it into the record for the Court's approval. (R. Doc. 104). The Notice also follows this Court's reasons for ruling in favor of certification of Plaintiffs' proposed class. (R. Doc. 103).  Plaintiffs contend that this proposed form fairly and neutrally sets forth the nature of the lawsuit and of the rights of the members of the collective to join, or not to join, this action.[4]

This Court also granted Plaintiffs' Motion to Compel (R. Doc. 68) seeking unredacted wage records, contracts, and other identifying records for Putative Class members. (R. Doc. 103). These responses were due May 15, 2023. The Parties conferred, and Plaintiffs granted Defendants an extension to May 17, 2023, reiterating the importance of accurate contact information from the putative class as the most immediate need so as to facilitate Notice. On May 17, 2023, Defendants requested another extension until May 23, 2023.

### B.  Communicating Notice via Posting, US Mail, Text Message, and Email

---

2 *Lang*, *supra*, at *13; *Bryant v. United Furniture Indus.*, 2015 U.S. Dist. LEXIS 40308, at *17 (N.D. Miss. Mar. 30, 2015).
3 *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 U.S. Dist. LEXIS 58460, at *7-8 (S.D.N.Y. June 14, 2010).
4 *See Tafarella v. Hollywood Greyhound Track, Inc.*, 2007 U.S. Dist. LEXIS 55790, at *10 (S.D. Fla. July 31, 2007) ("A Consent Notice … must be informative, neutral, and make clear that prospective plaintiffs are free to select their own counsel and that they will be bound by the judgment should they sign the consent form.")

2

Plaintiffs propose sending the notice to putative members of the collective via U.S. mail, e-mail, and text message. Mail notice alone is likely insufficient to reach all members of the collective.  Former employees may have moved, and mail may be misdelivered, misplaced, or left unopened, particularly when it is sent from unrecognized sources.  Given the ubiquity of electronic communications, the provision of e-mail notice in addition to notice by first class mail is entirely appropriate.[5] Thus, Defendants should be ordered to produce all known e-mail addresses for members of the collective.

Notification via text message is also appropriate.  This collective includes blue-collar workers. Many do not use e-mail on a regular basis, and some may have no e-mail address or access to email. Undersigned counsel can affirm that many such clients do not use e-mail, and prefer to communicate by text message. And, as the discovery shows, Defendants use text messages to communicate with employees. Recent decisions from this Circuit have regularly allowed notice by text message.[6]  Because of the inherent limits of the text message format, Plaintiffs propose the following special Text Notice:

> If you worked for Defendants D'Argent Franchising, LLC, D'Argent Construction, LLC, or D'Argent Companies, LLC at any point from November 21, 2017 to present, you may be entitled to join a lawsuit claiming unpaid overtime wages and penalties.  For information about the case, including how to join, please visit https://mostandassociates.com/dargent;  or call the workers' attorneys at  504-509-5023  or  504-588-2700;  or e-mail KCB@kennethbordes.com.

---

[5] *Ndita v. Am. Cargo Assur., LLC*, 2013 U.S. Dist. LEXIS 63923, at *11 (E.D. La. Feb. 28, 2013) (notice by e-mail will "facilitate effective notice and will best serve the interests of justice"); *Mejia v. Bros. Petro., LLC*, 2014 U.S. Dist. LEXIS 96570, at *13 (E.D. La. July 16, 2014) (same); *Escobar v. Ramelli Grp., LLC*, 2017 U.S. Dist. LEXIS 110361, at *10 (E.D. La. July 17, 2017) (same).

[6] *See Hobbs v. Cable Mktg. & Installation of La.*, 290 F. Supp. 3d 589, 598 (E.D. La. 2018); *Mahrous v. LKM Ent., LLC*, 2017 U.S. Dist. LEXIS 97918, *11 (E.D. La. June 26, 2017); *Dearmond v. All. Energy Servs., LLC*, 2017 U.S. Dist. LEXIS 116849, *7-8 (E.D. La. July 25, 2017).

Notice is also appropriately posted at each D'Argent location, including the headquarters and all franchising and construction locations, in an easily visible location.[7] The Court should therefore order Defendants to post a copy of the notice at an easily visible location within three days of the date granting this Order, to remain for the duration of this action, and to send photographic confirmation to Plaintiffs' counsel that the notice has been posted.

### C. A 90-Day Opt-in deadline has been agreed upon

The Parties have also agreed to an opt-in deadline of 90 days after the date in which notice is mailed to members of the collective, and that any opt-ins who seek to join the action after that deadline must establish good cause for their delay. (R. Doc. 104). This 90-day deadline is necessary in case any notices are returned as undeliverable, so that Plaintiffs may take additional steps to contact these individuals.  These types of delays are to be expected in cases such as this, with a relatively short-term and transient blue-collar workforce.  A a 90-day opt-in period is not unusual in the right circumstances[8], and the parties have already agreed to it (R. Doc. 104).

### D. Reminder/Follow-up Notice

Finally, Plaintiffs request authorization to send one or more reminder notices 21 days prior to the close of the opt-in period, to any putative class members who have not responded.  Many courts have authorized this practice because "notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in."[9]  Courts within

---

7 *See Coyle v. Flowers Foods Inc.*, 2016 U.S. Dist. LEXIS 116422, at *21 (D. Ariz. Aug. 29, 2016) ("Posting notices at the [work site] is a cost-efficient way to notify potential opt-in plaintiffs of the action and places no burden on Defendants."); *Hobbs v. Cable Mktg. & Installation of La.*, 290 F. Supp. 3d 589, 599 (E.D. La. 2018) (ordering notice be posted at all of Defendants' locations); *Kidwell v. Ruby IV, LLC*, 2019 U.S. Dist. LEXIS 7663, at *23 (E.D. La. Jan. 16, 2019) (same).

8 *Kidwell v. Ruby IV, LLC*, 2019 U.S. Dist. LEXIS 7663, *23 (E.D. La. Jan. 16, 2019); *Funez v. E.M.S.P. LLC*, 2016 U.S. Dist. LEXIS 112884(E.D. La. Aug. 24, 2016).

9 *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2D 265, 274-275 (S.D.N.Y. 2012); *see also Dickensheets v. Arc Marine, LLC*, ___ F. Supp. 3d ___, 2020 WL 855172, at *2 (S.D. Tex. Feb. 19, 2020) (same); *Agerbrink v. Model Serv. LLC,* 2016 WL 406385, at *8 (S.D.N.Y. Feb. 2, 2016) (same); *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) (approving distribution of reminder notice); *Jennings v. Cellco P'ship*, 2012 WL 2568146,

this Circuit have approved such reminder notices.[10]  The cost and administrative expense of this notice will be borne entirely by Plaintiffs' counsel and, given the difficulty of reaching many of the blue-collar workers at issue in this case, reminder notices are appropriate to help ensure that all potential class members are given fair notice of their rights.

## II.    Conclusion

WHEREFORE, for the reasons set forth above, Plaintiffs request that this Honorable Court grant this motion and issue an Order approving these procedures to facilitate notice immediately to the Putative Class.

Respectfully submitted,

/s/ Kenneth C. Bordes
**Kenneth C. Bordes (La. Bar #35668)**
**KENNETH C. BORDES, ATTORNEY AT LAW, LLC**
4224 Canal St.
New Orleans, LA 70119
Phone: (504) 588-2700
Fax: (504) 708-1717
kcb@kennethbordes.com


William Most (La. Bar No. 36914)
Caroline Gabriel (La. Bar No. 38224)
Most & Associates
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com
caroline.gabriel.ma@gmail.com
*Attorneys for Plaintiffs*

---

at *6 (D. Minn. July 2, 2012) (same); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011)(same);

10    *Sandlin v. Grand Isle Shipyard, Inc.*, 2018 WL 2065595 (E.D. La. May 3, 2018) ("Thirty (30) days after the first mailing, Sandlin's counsel shall send a reminder notice consisting of the notice of rights and consent form…"); *DeArmond v. Alliance Energy Servs., LLC*, 2017 WL 3173553  (E.D. La. July 26, 2017) (same); *White v. Integrated Elec. Techs., Inc.*, 2013 WL 2903070 (E.D. La. June 13, 2013) (same).

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, a copy of the foregoing Motion was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

      /s/ Kenneth C. Bordes<br>
Kenneth C. Bordes