UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA WILLIAMS and DAKOTA FISHER, individually and on behalf of all others similarly situated, and WES PIGOTT,<br><br>　　Plaintiffs,<br><br>v.<br><br>D'ARGENT FRANCHISING, LLC, D'ARGENT CONSTRUCTION, LLC, D'ARGENT COMPANIES, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and XYZ INSURANCE COMPANY<br><br>　　Defendants. | DOCKET NO.: 1:20-cv-01501<br><br><br>MAGISTRATE JOESPH H. L. PEREZ-MONTES |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 6(b)(1)(B)**

## **TABLE OF CONTENTS**

I.   STATEMENT OF THE CASE.................................................................................................. 1

II.  DEFENDANTS SHOULD BE ALLOWED TO FILE AN OPPOSITION UNDER CIVIL PROCEDURE 6(B)(1)(B) ................................................................................................... 2

   1.  Standard for Extension of Time Under Federal Rule of Civil Procedure 6(b)(1)(B) ........... 2

   2.  Defendants Failed to Timely File Their Opposition to Plaintiff's Motion for Sanctions Due to "Excusable Neglect"................................................................................................. 3

      a.  Plaintiffs' will not be prejudiced by this short seven-day extension of time. ............... 3

      b.  Defendants' delay of seven-days is short based on the relevant case law. ................... 3

      c.  While the mistake causing the delay was within reasonable control of Defendants, Defendants' counsel acted in good faith. .................................................................... 4

III. CONCLUSION....................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Alizadeh v. BP Expl. & Prod.*, 2023 U.S. Dist. LEXIS 120293, at *2-3 (E.D. La. July 13, 2023) 2, 3

*Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282-83 (5th Cir. 2019) .................................................................................................. 2

*Jackson v. La. Tech Univ.*, 2011 U.S. Dist. LEXIS 134946, at *13-14 (W.D. La. Nov. 22, 2011) 4

*Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).................................................................. 3

*Pennino v. Reilly-Benton Co., Inc.*, No. 21-363, 2022 U.S. Dist. LEXIS 118209, 2022 WL 2467685, at *1 (E.D. La. July 6, 2022)........................................................................................ 3

*Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004)............................................................. 5, 6

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) .............................................................................................................. 2

*Razvi v. Dall. Fort Worth Int'l Airport*, 2022 U.S. App. LEXIS 26058, at *10 (5th Cir. Sep. 16, 2022)(.......................................................................................................................................... 5

*Razvi v. Dall. Fort Worth Int'l Airport*, 2022 U.S. App. LEXIS 26058, at *4 (5th Cir. Sep. 16, 2022) ........................................................................................................................................... 4

*Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012). ........................................................................ 3

*Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007 ................................ 6

*Theriot v. Bldg. Trades United Pension Tr. Fund*, 2022 U.S. Dist. LEXIS 108115, at *6 (E.D. La. June 17, 2022)....................................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 6(b)(1) ........................................................................................ 2
Federal Rule of Civil Procedure 6(b)(1)(A),.................................................................................. 2

**I.      STATEMENT OF THE CASE**

On July 3, 2023, Plaintiffs filed a Motion for Sanctions (ECF 128). Upon receiving Plaintiffs' Motion for Sanctions, Defendants' counsel's docketing department calculated the deadline for filing a response to Plaintiffs' Motion for Sanctions as Friday, July 28, 2023, and calendared it for the same date. *See* Exhibit A.

Defendants' counsel was out of the office on Monday, July 24, 2023, in another matter and for medical treatment due to an accident occurring the previous weekend. Upon returning to the office on Tuesday, July 25, 2023, Defendants' counsel misread a calendar reminder for the upcoming July 28, 2023 deadline, and reached out to Plaintiffs' counsel about getting an extension to file a response to their Motions for Sanctions. See Exhibit B. At nearly the same time, Defendants' counsel received an e-mail reminded that the calendared deadline to file a response was July 28, 2023. See Exhibit A. Therefore, Defendants' counsel again reached out to Plaintiffs' counsel explaining that she misread her calendar and that an extension was not necessary because she, albeit incorrectly, believed the deadline was actually Friday, July 28, 2023. *See* Exhibit C. Plaintiffs' Notice of No Response to Plaintiff Motions for Sections (ECF 148) quotes Defendants' counsel out of context. At the time the correspondence was sent, Defendants' counsel believed the deadline was Friday, July 28, 2023 – not June 24, 2023.

While it is unclear why the deadline to file a response was incorrectly calculated and calendared, it was an honest mistake with no bad faith by Defendants' or their counsel. Defendants' oppose the Motion for Sanctions, and ask this Court to use its discretion under Rule 6(b)(1)(B) to present their arguments to this Court.

For the reasons explained herein, Defendants respectfully request that this Court grant Defendants' Motion for Extension of Time, and permit Defendants to file an opposition to Plaintiff's Motion for Sanctions (ECF 128) on July 31, 2023.

## II. DEFENDANTS SHOULD BE ALLOWED TO FILE AN OPPOSITION UNDER CIVIL PROCEDURE 6(B)(1)(B)

### 1. Standard for Extension of Time Under Federal Rule of Civil Procedure 6(b)(1)(B)

Federal Rule of Civil Procedure 6(b)(1) governs requests to modify most deadlines in civil proceedings. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the court may extend deadlines before they have passed "for good cause." Once a deadline has passed, the court may extend it "for good cause" only "if the party failed to act because of excusable neglect." Federal Rule of Civil Procedure 6(b)(1)(B).

"Whether a party is entitled to relief for excusable neglect is a determination that is 'at bottom an equitable one, taking account of all relevant circumstances.'" *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282-83 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). The Court must consider:

> (1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith.

*Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

The party seeking an extension bears the burden of demonstrating excusable neglect. *Pennino v. Reilly-Benton Co., Inc.*, No. 21-363, 2022 U.S. Dist. LEXIS 118209, 2022 WL 2467685, at *1 (E.D. La. July 6, 2022) (Lemelle, J.); *see also, Alizadeh v. BP Expl. & Prod.*, 2023 U.S. Dist. LEXIS 120293, at *2-3 (E.D. La. July 13, 2023).

Here, the deadline for filing a response to Plaintiffs' Motion for Sanctions was inadvertently calendared on the incorrect date. As explained below, the error was excusable neglect, and Defendants should be given an opportunity to file their response to Plaintiffs Motion for Sanctions. Defendants only request an additional seven days from the original deadline to file their opposition. Such a short extension of time will not prejudice Plaintiffs. Rather, it will give Defendants the opportunity to locate and provide the information Plaintiffs are seeking. Defendants have not acted in bad faith in seeking this short extension.

**2. Defendants Failed to Timely File Their Opposition to Plaintiff's Motion for Sanctions Due to "Excusable Neglect"**

**a. Plaintiffs' will not be prejudiced by this short seven-day extension of time.**

The Fifth Circuit has explained that delay alone does not constitute prejudice. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (discussing prejudice for purposes of setting aside default). Rather, "plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id. Jackson v. La. Tech Univ.*, 2011 U.S. Dist. LEXIS 134946, at *13-14 (W.D. La. Nov. 22, 2011) (*citing Lacy*, 227 F.3d at 293.) In this case, the delay of one week will not result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. Rather, the additional time will give Defendants an opportunity to turn over additional evidence and hopefully resolve some of the pending discovery disputes. Defendants have been gathering and preparing to produce additional information and documentation relating to Plaintiffs' pending discovery requests which are at issue in the Motion for Sanctions.

**b. Defendants' delay of seven-days is short based on the relevant case law.**

Defendants' response to Plaintiffs' Motion for Sanctions was due Monday, July 24, 2023, and Defendants seek an additional seven (7) days or until Monday, July 31, 2023, to file their

3

response. Courts within this Circuit have found that delays much longer than seven days were short and did not impact the case. *Razvi v. Dall. Fort Worth Int'l Airport*, 2022 U.S. App. LEXIS 26058, at *4 (5th Cir. Sep. 16, 2022) (finding delay of 21 days did not prejudice non-moving party); *Theriot v. Bldg. Trades United Pension Tr. Fund*, 2022 U.S. Dist. LEXIS 108115, at *6 (E.D. La. June 17, 2022) (finding delay of 30 days relatively short).

### c. While the mistake causing the delay was within reasonable control of Defendants, Defendants' counsel acted in good faith.

As previously explained, Defendants' counsel's docketing department inadvertently calendared the deadline to file an opposition to Plaintiffs' Motion for Sanctions and (ECF 128) on Friday, July 28, 2023. Recognizing that the attorney is ultimately responsible for meeting her deadlines, one court found that delegating the calculation and calendaring of deadlines by specially trained personnel may ensure greater accuracy than having each lawyer in a large firm calculate each filing deadline anew:

> In the modern world of legal practice, the delegation of repetitive legal tasks to paralegals has become a necessary fixture. Such delegation has become an integral part of the struggle to keep down the costs of legal representation. Moreover, the delegation of such tasks to specialized, well-educated non-lawyers may well ensure greater accuracy in meeting deadlines than a practice of having each lawyer in a large firm calculate each filing deadline anew. The task of keeping track of necessary deadlines will involve some delegation. The responsibility for the error falls on the attorney regardless of whether the error was made by an attorney or a paralegal. See Model Rules of Prof'l Conduct R. 5.5 cmt. 2 (2002) ("This Rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work."). We hold that delegation of the task of ascertaining the deadline was not per se inexcusable neglect.

*Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004).

Similarly, the Fifth Circuit citing *Pincay* explained that missing a deadline due to a calendaring error is "gross carelessness" because "lawyers often delegate tasks to paralegals and secretaries which "may well ensure greater accuracy in meeting deadlines." *Razvi v. Dall. Fort*

4

*Worth Int'l Airport*, 2022 U.S. App. LEXIS 26058, at *10 (5th Cir. Sep. 16, 2022)(*citing Pincay*, 389 F.3d at 856); see also *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (finding that a district court did not abuse its discretion in determining that counsel's calendaring mistake constituted excusable neglect, "[g]iven the leeway granted to district courts under this standard [and] the minimal delay and prejudice involved.").

In sum, consideration of all relevant factors weighs in favor of finding excusable neglect and allowing Defendants to file their response to Plaintiffs' Motion for Sanctions.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion for Extension of Time Pursuant to Rule 6(b)(1)(B), permitting Defendants to file their response to Plaintiffs' Motion for Sanctions.

Respectfully submitted July 27, 2023.

**JACKSON LEWIS P.C.**

*/s/ Claire R. Pitre*
SUSAN FAHEY DESMOND T.A.
La. Bar Roll No. 25380
E-mail: Susan.Desmond @jacksonlewis.com
CLAIRE R. PITRE
La. Bar Roll No. 36257
Email: Claire.Pitre@jacksonlewis.com
601 Poydras Street, Suite 1400
New Orleans, Louisiana  70130
Telephone:    (504) 208-1755
Facsimile:    (504) 208-1759

**COUNSEL FOR DEFENDANTS**