UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA WILLIAMS and DAKOTA FISHER, individually and on behalf of all others similarly situated, and WES PIGOTT,<br><br>    Plaintiffs,<br><br>v.<br><br>D'ARGENT FRANCHISING, LLC, D'ARGENT CONSTRUCTION, LLC, D'ARGENT COMPANIES, LLC, THOMAS GIALLONARDO, III, JUSTIN GIALLONARDO, and XYZ INSURANCE COMPANY<br><br>    Defendants. | DOCKET NO.: 1:20-cv-01501<br><br><br><br>MAGISTRATE JOESPH H. L. PEREZ-MONTES |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

In accordance with this Court's August 17, 2023 Order, Defendants D'Argent Franchising, LLC, D'Argent Construction, LLC, D'Argent Companies, LLC, Thomas Giallonardo, III, Justin Giallonardo (collectively, "Defendants") respectfully submit this Supplemental Brief in Opposition to Plaintiffs' Motion for Sanctions.[1]

**A. Defendants have done nothing to prohibit current or former employees from joining this lawsuit.**

    **a. Defendants were acting under the advice of previous counsel when having employees' sign any severance agreements or "memorandums".**

Defendants have not intentionally done anything to affect participation in this FLSA lawsuit. The severance agreements at issue were drafted by the law firm Thompson and Coe during the

---

[1] Defendants argue that if this Court finds that Plaintiffs' claims are covered by the FLSA, the FLSA's two-year statute of limitation applies—not three-year for willful violations. *See* 29 U.S.C. § 255(a).

1

sale of Huddle House in October 2021.[2] Defendants had no reason to believe they were violating the FLSA by having their employees sign such agreements; therefore, Defendants continued using the same severance agreements as the need arose. In regards to the "Memorandums" signed quarterly by Defendants' employees, Defendants drafted said Memorandums to ensure employees had another means to bring to Defendants' attention inaccurate hours reported, unpaid wages, harassment, discrimination, or retaliation, and to give Defendants an opportunity to remedy such issues if they arose. In July 2022, the Memorandums read as follows:

1. I undeniably know and understand fully that I am not owed any wages for all previous hours worked prior to July 1st, 2022.
2. I understand that I work for D'Argent Franchising, LLC and if I have any believed discrepancies in hours worked and what I have been paid I will report these discrepancies directly to the Manager, if the Manager is unable to assist me, I will then reach out Matthew Probst by calling 318-787-6049.
3. I have read my job description and understand my duties.
4. Since my employment I have not been a victim of harassment, discrimination, or retaliation, or have witnessed such conduct.
5. If I believe I have been a victim of harassment, discrimination, or retaliation, or who has witnessed such conduct, I will immediately notify the HR liaison, Matthew Probst, by e-mail to info@dargentcompanies.com, calling 318-787-6049 or scheduling a face-to-face conference.

**Exhibit 1**.

The July 2022 Memorandums were approved by counsel from Gold Weems Bruser Sues & Rundell in Alexandria, Louisiana. *See* **Exhibit 2** (redacted to preserve attorney-client privilege on matters unrelated to the current FLSA lawsuit.)

The Memorandums were later modified in October 2022 to read as follows:

1. I undeniably know and understand fully that I am not owed any wages for all previous hours worked prior to October 1st, 2022.
2. I understand that I work for D'Argent Franchising, LLC and if I have any believed discrepancies in hours worked and what I have been paid I will report these

---

[2] Defendants submit that correspondence between Defendants and their attorneys are protected by the attorney-client privilege.

2

   discrepancies directly to the Manager, if the Manager is unable to assist me, I will then reach out Matthew Probst by calling 318-787-6049.
   3. I understand my job description and I am able to fully perform my duties.
   4. I will not directly or indirectly, make or participate in making any statement, whether in oral or written form, or otherwise take or participate in taking any action, that may reasonably be considered to disparage or impugn D'Argent Franchising, LLC, or any of its affiliates, or their respective products, services, practices, officers, directors, employees, or agents.
   5. Since my employment I have not been a victim of harassment, discrimination, or retaliation, or have witnessed such conduct.
   6. If I believe I have been a victim of harassment, discrimination, or retaliation, or who has witnessed such conduct, I will immediately notify the HR liaison, Matthew Probst by calling 318-787-6049 or scheduling a face-to-face conference.

  Again, the purpose of the revised Memorandum is the same – to ensure employees had a means to bring to Defendants' attention inaccurate hours reported, unpaid wages, harassment, discrimination, or retaliation, and to give Defendants an opportunity to remedy such issues if they arose. While this Memorandum does contain language regarding participating in any action that "considered to disparage or impugn", it does not prevent any employee from participating in this FLSA action nor does the Memorandum contain language purporting to waive any rights regarding statements made in the Memorandum. And contrary to Plaintiffs' allegations, this version of the Memorandum was only given to employees from October 2022 – July 2023. The prior version ***did not*** contain any language regarding participating in any action that "considered to disparage or impugn" Defendants. Defendants, under the advice of counsel, were trying to ensure compliance with the FLSA and Title VII – not subvert it.

  Plaintiffs' allegations that employees were forced to sign these Memorandum in order to receive their paychecks is simply not true. As explained throughout this litigation, Defendants use a third-party payroll vendor to process payroll for D'Argent Franchising employees. The third-party vendor processes employees' payroll without regard to a signed quarterly Memorandum.

Further, the pay period tip sign-off sheets are similar used to ensure employees were being paid all wages owed – including tips. The sign-off sheets are merely a mechanism to ensure that each employee acknowledges and agrees that he or she worked the same number of hours Defendants have recorded and that each employee received all tips in addition to wages that are due. The pay period sign-off sheets do not include any language waiving any employee's right to join this lawsuit. Rather, it provides each employee with an opportunity to correct any discrepancies in his or her hours actually worked and tips received. Employees are free to compare the information from the pay period sign-off sheets to actual records of time worked.

Finally, Plaintiffs allege that Defendants have retaliated against collective members who were identified as having NLRA claims. First, Plaintiffs' NLRA claims have not yet been approved by this Court as Plaintiffs' motion to amend is still pending, so Plaintiffs' retaliation claims under the NLRA are premature. Further, Defendants have not retaliated against any of their employees under the NLRA or any other law. Both Tabatha Sampson and Madysin Babin were fired for performance issues.

### B. Defendants have produced and continue to produce information requested by Plaintiffs.

Federal Rule of Civil Procedure 37(b)(2)(A) allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so. L. Funder, L.L.C. v. Munoz, 924 F.3d 753, 758 (5th Cir. 2019). Additionally, the court may order the payment of reasonable expenses, including attorney's fees, caused by the failure to comply with a discovery order, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Sanctions are not warranted in this case. Defendants have produced voluminous records since this Court issued its April 24, 2023 Order and Ruling. Plaintiffs rely on Requests for

Production of Documents Nos. 10, 11, and 12 for production of current and former employees' phone numbers and addresses. However, none of the Requests relied on by Plaintiffs include such information. Request No. 12 merely asks that Defendants list all their workers/employees from November 12, 2017, to present; it does not request that Defendants "identify" those workers/employees which would include the employees' address and phone number per Plaintiffs' instructions.

However, in the spirit of cooperation, Defendants provided Plaintiffs with employees' addresses and phone numbers in Defendants' possession. Specifically, on May 19, 2023, Defendants produced 762 pages of Defendants' employees' payroll records for the period May 1, 2020, through May 1, 2023. These records included the names of Defendants' employees, each employee's last known address, and a phone number if it was entered into Defendants' payroll system. On May 23, 2023, Defendants provided additional payroll records. The payroll records included addresses for each employee and each employee's phone number if available. These records are also responsive to Plaintiffs' Interrogatory No. 3 requesting Defendants "Identity how many putative class members are paid by [Defendants], their locations, and the locations where they perform their job duties." Plaintiffs can ascertain this information from the payroll records produced. Defendants should not be required to analyze the same data made available for Plaintiffs review.

Plaintiffs continue argue that they are missing e-mails addresses for current and former employees; however, as explained in Defendants' Opposition to Plaintiffs' Motion for Sanctions, Plaintiffs' Interrogatories did not include a request for e-mail addresses for Defendants current or former employees.

### C. Plaintiffs' proposed remedies are unreasonable.

Federal Rule of Civil Procedure 37(b)(2)(A) allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so. *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). "The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (internal quotation marks omitted). "This discretion, however, is limited" based on the type of sanctions imposed. *Id.* "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b) — striking pleadings or dismissal of a case." *Id.* (internal quotation marks omitted). Additionally, the court may order the payment of reasonable expenses, including attorney's fees, caused by the failure to comply with a discovery order, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Plaintiffs seek equitable tolling, extension of the opt-in period, Plaintiffs' request for admissions be admitted, prohibition on reliance on agreements and/or waivers, denial of good faith defenses, and award of attorneys' fees. In this case, Plaintiffs seek sanctions for Defendants alleged failure to fully respond to its initial discovery requests. Plaintiffs' request for sanctions has nothing to do with the severance agreements or "Memorandums" used by Defendants to ensure compliance with the FLSA and Title VII. Allowing the remedies requested by Plaintiffs is not suited to the alleged misconduct by Defendants. Therefore, Plaintiffs' Motion should be denied. Specifically, Plaintiffs' request for equitable tolling must be denied as it is unrelated to Plaintiffs' sanctions motion and is unrelated to any alleged misconduct by Defendants as outlined by Plaintiffs' Motion for Sanctions.

/s/ Susan Fahey Desmond
Susan Fahey Desmond (Bar No. 25380)
Susan.Desmond@jacksonlewis.com
Claire R. Pitre (Bar No. 36257)
Claire.Pitre@jacksonlewis.com
**JACKSON LEWIS P.C.**
601 Poydras Street, Suite 1400
New Orleans, Louisiana  70130
Telephone:     (504) 208-1755
Facsimile:      (504) 208-1759

*Counsel for Defendants*
*D'Argent Franchising, LLC,*
*D'Argent Construction, LLC,*
*D'Argent Companies, LLC,*
*Thomas Giallonardo, III, and*
*Justin Giallonardo*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed a copy of the above and foregoing with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all parties in these proceedings.

/s/ Susan Fahey Desmond