b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMANTHA WILLIAMS, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:20-CV-01501 |
| VERSUS | |
| D'ARGENT FRANCHISING, L.L.C., ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Sanctions and Attorney Fees filed by Plaintiffs. ECF Nos. 128, 165, 171, 179, 194.[1] Defendants opposed. ECF Nos. 163, 175.

### I. Plaintiffs' Motion for Sanctions is Granted.

Plaintiffs contend that Defendants have never complied with the Court's discovery order (ECF No. 58) and subsequent order requiring production of all discovery previously requested (ECF No. 103). ECF No. 128-1. Plaintiffs contend that, although Defendants produced some documents on May 19, May 23, June 7, and June 15, 2023, the production was insufficient to satisfy their discovery obligations or comply with the Court's orders. *Id.* Defendants failed to provide any basis for not complying with the Court's discovery orders. Plaintiffs also contend that Defendants are obstructing notice to potential members of the collective action. *Id.*

---

[1] During the pendency of this motion, Plaintiffs filed for leave to supplement their briefs in additional support for sanctions. ECF No. 194. Plaintiffs' Motion for Leave (ECF No. 194) is GRANTED and the Court has considered Plaintiffs' additional submissions.

Plaintiffs further contend Defendants have refused to provide a copy of the applicable insurance agreement, the contact information for potential collective members, pay records prior to May 1, 2020, or a timeline by which this discovery will be disclosed.

Defendants' deadline to respond to Plaintiffs' written discovery was originally February 18, 2022. ECF No. 62. In April 2022, Plaintiffs filed a Motion to Compel. ECF No. 68. A hearing was held and Plaintiffs' Motion to Compel was granted. ECF Nos. 83, 103. Defendants were ordered to provide: (1) all previously requested discovery (unredacted) on or before May 14, 2023; (2) unredacted responses to Plaintiffs' Interrogatory Numbers 3, 7, 8, 10 and Plaintiffs' Request for Production Numbers 8, 12, 14, 15, 17; and (3) copies of their insurance contracts as requested in the initial disclosures. ECF No. 103.

The parties conferred by phone about unresolved discovery issues on May 2, 2023. ECF No. 128-1 at 9. On May 10, Defendant requested an extension until May 17 to produce documents, to which Plaintiffs agreed. *Id.* The parties conferred again on May 15, and Defendant asked for another extension until May 23, 2023, to which Plaintiffs agreed. *Id.* On May 19 and 23, Defendants produced some records, but not all, as ordered. *Id.* On May 25, Plaintiffs' counsel sent Defendants a letter outlining the missing documents, to which Defendants responded: (1) that pay records for "exempt" employees would not assist Plaintiffs; (2) Defendants would seek Court permission to maintain redactions of documents or a protective order (they did not

2

seek permission for either); (3) only pay records going back three years are relevant; and (4) they would supplement its production of contact information with the last known addresses for employees classified as exempt. *Id.* at 10. On June 1, Plaintiffs responded to Defendants' letter, and the parties conferred about by telephone on June 5, 2023. *Id.* Defendants then agreed to provide by June 6: (1) "exempt" employee and independent contractor pay records; unredacted documents and pay records; (2) confirmation that Plaintiffs have received all employee, worker; and (3) independent contractor contracts and duty information; and all contact information for employees/workers. *Id.* at 11.

Also on June 6, the parties noted the issue of whether any evidence prior to the three year time period before the date of filing suit in 2020 (from 2017 forward) was relevant. *Id.* Defendants agreed to provide, by June 7, unredacted copies of the documents already produced. *Id.* Defense counsel also explained that they had no role in redacting the documents provided by Defendants. *Id.* Defendants agreed to provide the rest of the documents by June 8. *Id.* at 12.

On June 7, Defendants provided some payroll records, but again not all, and failed to provide many phone numbers and all email addresses of putative collective members. *Id.* On June 9, Defense counsel replied that Defendants "were working on it." *Id.* Defendant produced some more (again, but not all) unredacted documents on June 15, but not the phone numbers and email addresses. *Id.* On June 16, the parties conferred again, and Defense counsel agreed that Defendants would provide email

3

addresses, phone numbers, and mailing addresses by June 20. *Id.* at 13. That never occurred.

Additionally, Defendants never responded to Interrogatories Nos. 3, 7, 8, and 10 and Requests for Production Nos. 8, 12, 14, 15, and 17, and never provided the applicable insurance agreement in the Initial Disclosures. *Id.* at 14. Plaintiffs also contend that Defendants distributed a "waiver of rights" and "severance and release" agreements for the FLSA action to its employees at the same time the Notice of Collective Action went out to current employees. ECF Nos. 171, 175, 179. Plaintiffs contend Defendants have obstructed the collective action with their waiver.[2]

Defendant Justin Giallonardo ("Justin") contends he relied in good faith on the "advice of counsel" in creating and distributing the "severance and release" waiver. However, the counsel he allegedly relied on did not involve attorneys enrolled in this action (but was that of attorney Allison Johnson ("Johnson") of Gold, Weems, Bruser,

---

[2] The parties are reminded that, "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–101 (1981) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)). In Plaintiffs' supplemental briefing (ECF No. 194), the Court was advised that Defendants have subsequently continued to engage in obstructive and concerning conduct, including: (1) failed to post the collective action notices at their worksites as ordered by the Court; (2) provided false information to their workers about the deadline to join the collective action; and (3) falsified evidence related to their belated posting of the notices. ECF Nos. 194, 194-2. Plaintiffs' provided photographs provided by defense counsel, which confirm the documents and deadline to join the collective action had been altered, but then swapped when pressed by counsel for photographs. *Id.* Plaintiffs represent that there is no information to suspect that defense counsel was aware of, or participated, in the alleged misconduct.

Sues, and Rundell). ECF No. 175, 179-2 at 2. Emails between Justin and Johnson are attached to the brief (ECF No. 175-2) but there is no statement from Johnson.

"Good faith reliance upon advice of counsel may prevent imposition of punitive damages." *Henderson v. United State Fidelity & Guaranty Co.*, 695 F.2d 109, 113 (5th Cir. 1983); *see also Gorman v. Southeastern Fidelity Insurance Co.,* 775 F.2d 655, 659 (5th Cir. 1985). But plainly, omitting to inform counsel about the circumstances for which the advice is sought renders that defense ineffectual. *Compare Henderson,* 695 F.2d at 113; *see also Szumigala v. Nationwide Mutual Insurance Co.,* 853 F.2d 274, 282 (5th Cir. 1988).

It is apparent from Justin's and Johnson's emails that Johnson was not notified or this FLSA action against Defendants, or of their attorneys in this action. According to the emails, Johnson apparently believed Justin was being proactive about reminding employees of the policies and actively encouraging the reporting of any concerns. ECF No. 175-2. Because Justin appears to have misled Johnson, at least by omission, as to the circumstances surrounding his desire to give employees "severance and release" agreements, Johnson was deprived of any opportunity to give meaningful advice, and cannot be retrospectively blamed for Defendants' misapprehension or misuse of their communications. Defendants cannot rely on an "advice of counsel" defense in this instance.

Further, Defendants contend that Plaintiffs' Interrogatories did not include a request for email addresses for Defendants' current or former employees. ECF No.

5

165. They also argue that Plaintiffs' Request for Production of Documents Nos. 10 and 11 were not included in Plaintiffs' Motion to Compel. Defendants further contend that, because equitable tolling does not apply, they do not have to produce any pay records prior to May 2020.

Plaintiffs are entitled to a broad range of discovery. The FLSA permits a plaintiff to recover unpaid wages for the previous 2 or 3 years (depending on circumstances) before filing suit (or opting in). *See* 29 U.S.C. § 255(a). Because this action was filed in 2020, discovery of records dating back to 2017 is appropriate and reasonable.

Defendants have an obligation to respond to Plaintiffs' discovery requests. That includes even those that were not included in the previous Motion to Compel. Accordingly, Defendants will be ordered–again–to comply with Plaintiffs' discovery requests.

## II. Plaintiffs' Motion for Attorneys' Fees is granted.

Finally, because Defendants failed to comply with a previous order of the Court regarding discovery, Plaintiffs' Motion for Attorney Fees (ECF No. 128) will be granted.

Fed. R. Civ. P. rule 37(a)(5)(A) provides that when a motion to compel is granted, "the court must, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct, or both to pay the movant's reasonable expenses incurred in making

the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an aware of expenses unjust." See *Walker v. Petry*, 2006 WL 1084003, at *1 (W.D. La. 2006).

None of these exceptions apply. To the contrary, Plaintiffs and the Court have been more than accommodating – for the Court's part, more so than necessary. Defendants have not – and at this point cannot – justify their failure to comply with discovery obligations or this Court's orders.

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Matter of Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994), *cert. den.*, 511 U.S. 1143 (1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. See *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in

which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002), *cert. den.,* 537 U.S. 883 (2002).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Department of Housing & Urban Development,* 99 F.3d 761, 770 (5th Cir. 1996).

"Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate." *Walker*, 2006 WL 1084003, at *1 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). "The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended."[3] *Walker*, 2006 WL 1084003, at *1 (citing *League of United Latin American Citizens # 4552 (LULAC) v. Rosco Independent Sch. Dist.,* 119 F.3d 1228, 1232 (1997)). "A reasonable hourly billing rate is based on the 'prevailing market rates in the relevant community.'" *Walker*, 2006 WL 1084003, at *1 (citing *Blum v. Stenson,* 465 U.S. 886, 895 (1984)); *see also Reed v. Auto Club Family Insurance Co.,* 2008 WL 3851683, at * 2 (E.D. La. 2008) (citing *Blum v. Stenson,* 465 U.S. 886, 895 (1984). "Where 'an

---

[3] Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Wegner,* 129 F.3d at 822 (citing *Walker,* 99 F.3d at 770).

8

attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable.'" *Reed,* 2008 WL 3851683, at * 2 (citing *Louisiana Power and Light Co. v. Kellstrom,* 50 F.3d 319, 328 (5th Cir, 1995), *cert. den.,* 516 U.S. 862 (1995)).

Furthermore, Local Rule 54.2 states:

**LR54.2  Award of Attorney's Fees**

In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed.  The report shall be in both narrative and statistical form and provide hours spent and justification thereof.

Any judge of the court may, for good cause shown, relieve counsel of the obligation of filing such a report with the court.

Here, a hearing was held and the parties were ordered to file supplemental briefs. ECF No. 169. Plaintiffs' attorneys contend: (1) William Most expended 3.8 hours at an hourly rate of $350 per hour, and asks for $1330; (2) Kenny Bordes expended 6 hours at an hourly rate of $350 per hour, and asks for $2100; and (3) Caroline Gabriel expended 32 hours at an hourly rate of $250 per hour, and asks for $8000. Plaintiffs failed to attach a time sheet as provided in Local Rule 54.l2. However, Defendants have not contested either the rates or the amount of time expended.

The undersigned finds these rates and the hours expended reasonable. *Cf. Trevelyn Enterprises, L.L.C. v. Seabrook Marine, L.L.C.*, 2020 WL 12863354, at *3 (E.D. La. 2020) (attorney was entitled to recover $360/hour for 16.9 hours spent on a motion for protective order); *Doyle International, Inc. v. Kearney*, 2014 WL 3778836, at *2 (E.D. La. 2014) (attorneys were entitled to recover $245/hour for 9.3 hours; $275/hour for 1.3 hours; and $475/hour for .4 hours spend on a motion to compel); *Lee v. Pearl River Basin Land & Development Company, L.L.C.*, 2014 WL 545845, at *3 (E.D. La. 2014) (attorney was entitled to recover $155/hour for 4.5 hours spent on motions). And they are unopposed. Therefore, the requirement of submitting a time sheet is, in this instance, waived.

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).[4] Plaintiffs have not asked for adjustment of the lodestar.

---

[4] After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See Kellstrom*, 50 F.3d at 324; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 800 (5th Cir. 2006). Because

Accordingly, Plaintiffs are awarded attorney fees of $11,430.

## III. ORDERS

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave (ECF No. 194) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions (ECF No. 128) is GRANTED. Defendants SHALL PROVIDE Plaintiffs with unredacted copies of ALL currently requested discovery (regardless of whether it was included in the Motion to Compel) dating from 2017 forward, **WITHIN 30 DAYS** of the date of this order, and file a Notice of Compliance within a week of doing so. Defendants are reminded that the obligation to provide discovery is an ongoing one. A failure to comply with this order may result in further sanctions, including financial and substantive sanctions.

IT FURTHER IS ORDERED that Plaintiffs' Motion for Attorneys' Fees (ECF No. 128) is GRANTED and Defendants are required to compensate Plaintiffs for their reasonable attorneys' fees incurred in drafting, filing, and prosecuting its Motion to Compel. Defendants SHALL PAY Plaintiffs $11,430 for attorneys' fees **WITHIN SEVEN (7) DAYS** of the date of this Order, and shall file a Notice of Compliance within a week of doing so.

---

the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993).

Finally, Defendants are cautioned that further noncompliance with this Court's orders, or any efforts to obstruct discovery, or any efforts to impede participation in this collective action, will result in a rule to show cause why further sanctions are unwarranted, including, but not limited to striking pleadings, finding spoliation of evidence, deeming facts as admitted or established for the purposes of this action, rendering a default judgment against Defendants, or treating the conduct contempt of court. *See* Fed. R. Civ. P. 37(b)(2).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of March 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge