c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMANTHA WILLIAMS, *ET AL.*, <br> Plaintiffs | CIVIL ACTION NO. 1:20-CV-01501 |
| VERSUS | |
| D'ARGENT FRANCHISING, L.L.C., *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Compel (ECF No. 195) filed by Plaintiffs. Plaintiffs seek to compel responses to eleven Requests for Production issued to Defendants. Defendants oppose entirely, asserting that some requests have become moot and that the others were already provided. ECF No. 204.

I. Plaintiffs' Motion to Compel (ECF No. 195) is DENIED IN PART AS MOOT and otherwise GRANTED IN PART.

On November 11, 2023, Plaintiffs propounded eleven Requests for Production (ECF No. 195-3) to Defendants. ECF Nos. 195 at 1, 204 at 1.[1] Plaintiffs requested "edit time punch" documents to allegedly show Defendants were altering timesheets to delete hours that Plaintiffs worked. Plaintiffs also requested documents related to sexual harassment, allegedly pertaining to an issue raised by Defendants in their

---

[1] The Court previously ordered Defendants respond to Plaintiffs' initial discovery requests and issued sanctions for Defendants' continued lack of compliance with Court orders. ECF Nos. 103, 208. Defendants certified compliance with the Court's sanction Order. ECF No. 213.

counterclaims. ECF No. 195-1 at 2. When this motion was filed, Plaintiffs asserted Defendants had not provided responses after a 21-day extension and follow-ups. *Id.*

Plaintiffs conferred with Defendants on December 14, 2023, before filing this motion. *Id.* Defendants' 21-day extension expired on January 5, 2024. ECF Nos. 195-1 at 3, 204 at 2. Plaintiffs assert Defendants did not provide responses and did not request another extension. ECF No. 195-1 at 3. After multiple attempts to follow up, Plaintiffs conducted another conference with Defendants on January 24, 2024. Defense counsel advised he had not been working on the requests as he was trying to work on obtaining employee contact information. *Id.* While Plaintiffs agree the employee contact information was the highest priority, they assert there was never an agreement that Defendants could set aside other discovery. *Id.* Having no responses and not agreeing to an extension, Plaintiffs filed this motion.

Defendants oppose. ECF No. 204. Defense counsel asserts he diligently tried to obtain the file material from prior defense counsel, and that he did not receive it until November 30, 2023. *Id.* at 2. He asserts it was voluminous and sent in a manner that was difficult or impractical. *Id.* He also claims that it was agreed at the December 14, 2023 conference that he could temporarily put the pending discovery aside and allocate resources to obtaining information to identify potential class members. *Id.*

During the January 23 conference, defense counsel indicated that Defendants would be dismissing their counterclaims. He further asserts he requested a three-

week extension to respond to the outstanding discovery.  *Id.*  Nonetheless, Plaintiffs' counsel filed their motion.  *Id.*

On February 8, 2024, Defendants voluntarily dismissed their counterclaims. ECF Nos. 197, 203.  On February 12, 2024, Defendants provided responses to the remaining Requests for Production.  ECF No. 204-2.  On February 14, 2024, Defendants requested Plaintiffs withdraw their motion.  *Id.*  However, Plaintiffs did not agree, as Plaintiffs seek costs for the necessity of filing the motion.  ECF No. 204 at 3.

Defendants argue expenses should not be ordered if:  (1) the movant filed before attempting in good faith to obtain discovery; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.  *Id.* (citing Fed. R. Civ. P. 37(a)(5)).  *Id.*  Defendants assert requests 65 through 73 are moot as they have dismissed their counterclaims.  *Id.*  Defendants contend the remaining responses were provided within the additional three-week extension requested, and that any assessment of costs would be unjust. *Id.*

Plaintiffs counter that Defendants' responses to the remaining discovery are still inadequate.  ECF No. 205.  Plaintiffs contend Request for Production No. 64 seeks all EEOC charges naming Defendants as a responding party.  *Id.*  Plaintiffs argue Defendants provided no charges, only a few pages of EEOC-related documents. *Id.*  Plaintiffs contend that the existence of the charges is indicated by some of the pages provided.  *Id.*  Plaintiffs further seek expenses due to the necessity of filing to

3

prompt Defendants' responses. *Id.* Plaintiffs state they never agreed – as Defendants concede – to the "requested extension." *Id.*

"[A] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any designated tangible things" that are within the "party's possession, custody, and control . . . ." Fed. R. Civ. P. 34(a)(1)(A)&(B). A written response to a request for production, not served under Rule 26(d)(2), is due within 30 days after service, unless the court orders, or the parties stipulate to a different period. Fed. R. Civ. P. 34(b)(2)(A).

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses, and may seek appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Because Defendants voluntarily dismissed their counterclaims, and because Defendants have already produced the remaining information requested, except a full response to Request for Production No. 64, IT IS ORDERED that Plaintiffs' Motion to Compel (ECF No. 195) is DENIED IN PART AS MOOT. Because Defendants did not provide complete responses to Request for Production No. 64, and have provided no objection otherwise, Plaintiffs' Motion to Compel (ECF No. 64) is otherwise GRANTED IN PART to the extent they seek to compel a full response to this request.

4

Defendants are ORDERED TO PRODUCE a complete response to Request for Production No. 64 within 14 days of this Order.

II. **Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 195) is DENIED.**

Plaintiffs seek reasonable expenses and attorney's fees incurred in bringing this motion. ECF No. 195. A court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed. Fed. R. Civ. P. 37(a)(5)(A). However, a court is not required to award fees and expenses if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

An award of fees and costs is unwarranted here. Defendants purportedly acted upon an understanding that Plaintiffs agreed to extended response deadline. Otherwise, Defendants asserted rational objections and concerns, and ultimately dismissed the disputed counterclaims.

Thus, IT IS ORDERED that Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 195) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of August 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE